FROM PITT.
The plaintiffs then produced the record of a recovery made by them as executors, in an action of detinue brought for the same slave against Jackson, under whom the defendant claimed, and proved that the sale to the defendant was made during the pendency of that suit.
DANIEL, J., instructed the jury that the record produced by the plaintiff of the verdict and judgment obtained by them against Jackson for the negro in controversy was not any evidence to impair the title of the defendant to the slave, as the latter was neither party nor privy to the record; and that the fact that the action against Jackson was pending at the time of the defendant's purchase of the slave, yet the judgment therein did not make the defendant such a privy under Jackson as estopped him from showing that the plaintiff's testator *Page 3 
had no title to the slave, but that the defendant was at liberty to show that the title to the slave was in Jackson at the time of the purchase made by him.
A verdict being returned for the defendant, the plaintiff appealed.
A verdict and judgment in an action of detinue are conclusive as to the title between the parties and their privies. And I think that the action of detinue is an affirmance of a continuing title to the thing detained, and that the plaintiff does not, as he does in an action of trover, disaffirm a continuance of title in himself, but may sustain an action for the same chattel against a third person, or even against the same party, although he may have obtained a judgment for it before, provided that judgment has not been satisfied; and I am at a loss to understand Wethers v. Wethers, 6 Mumf., 10, cited at the bar, where the executor of a former plaintiff brought an action of detinue against the executor of a former defendant, in which the plaintiff had recovered the same slave, and offered that verdict and judgment as evidence of title, which was rejected; because, as is said by the Court, it was not declared on. I think that it was evidence of title as much as a bill of sale. And a plaintiff in such case, and in fact in every other, declares not upon the evidence, but upon the fact.
Privies in estate are those who come in under the owner, and the estate stands burthened in their hands with those incumbrances (5) created by him before he parted with it. Therefore, if a suit was pending against him for the property when he parted with it, in which there afterwards was a judgment, that judgment relates to the commencement of the suit, and binds subsequent purchasers.
But one who comes in under a sheriff's sale at execution cannot be called a privy, for he is not only clothed with the title of the defendant in the execution, but also with the rights of the creditor, which may be paramount to those of the debtor quoad the thing sold. It is to his rights also that such purchaser succeeds, and therefore he is not privy in estate to the former owner. The verdict and judgment in this case, therefore, are not evidence against the defendant.