JAMES W. HINES v. LOUIS MOYE, SIMMONS, POU & WARD, and R. W. WILLIAMSON.

(Decided October 10, 1899.)

*Act of 1893, Chap. 6—Ejectment—Judgment Lien—Judicial Sale and Resale—Purchaser, quasi Party, How Discharged—Color of Title.*

1. A suit instituted to determine conflicting claims to real property, under Act of 1893, chap. 6, may be properly treated as an action of ejectment, when the complaint alleges ownership in the plaintiff and possession in the defendant.

2. A judgment binds parties and privies only.

3. Where a purchaser at judicial sale fails to comply with his bid, and the sale is unconditionally set aside, and a re-sale ordered, his interest passes to the purchaser at the re-sale, and he is discharged from all connection with the proceeding.

4. Color of title is inoperative unless accompanied with possession.

CIVIL ACTION instituted by plaintiff against the defendant, Moye, for the adjudication of conflicting claims to real property, in the county of CRAVEN, and heard, by consent, upon facts agreed, before *Bryan, J.,* at Chambers in New Bern on June 23, 1899.

The complaint, among other things, alleged that the plaintiff was the owner of the land and that the defendant was in possession, setting up unfounded claims thereto. The answer of defendant Moye admits the possession, and controverts the claims of the plaintiff.

The other defendants, by consent, intervene as parties, claiming certain rights in the timber growing upon the land, derived from Moye, and substantially adopting his answer in other respects.

His Honor, upon the hearing, treated the case as an action of ejectment, and after the hearing, and argument upon both sides, adjudged that the defendants are the owners, and entitled to immediate possession. From this judgment the plaintiff appealed to the Supreme Court.

The agreed facts are stated and reviewed in the opinion.

*Messrs. Jacob Battle* and *D. L. Ward,* for plaintiff (appellant).

*Messrs. Simmons, Pou & Ward,* for defendants.

MONTGOMERY, J. It was suggested here by the plaintiff's counsel that his Honor not only rendered an erroneous judgment upon the facts agreed, but that he passed directly upon the title of the plaintiff to the land which is the subject of the action. The objection was that the suit was commenced under chap. 6 of the Laws of 1893 to determine the adverse claim of the defendant to the land described in the complaint. The action was treated by the Court as one in ejectment and

we think properly so.  The complaint alleged title in the plaintiff and admitted actual and adverse possession in the defendant Moye, and the prayer for relief was that it might be declared that the title of the plaintiff was good and valid; that he recover possession, and that an injunction be granted restraining the defendant from cutting timber on the land.

The land, situated in Craven County, was conveyed by John I. Killebrew and wife to the defendant Moye by deed dated August 10, 1888, and properly registered February 4, 1889.  On the 22nd of March, 1888, a judgment in favor of Thomas H. Battle to the use of E. F. Arrington against John I. Killebrew had been docketed in the Superior Court of that county, the land at that time being the property of Killebrew.  At the Fall Term, 1890, of Nash Superior Court a judgment was entered in a civil suit commenced by the credtiors of Killebrew, including the plaintiff, who had become the owner of the Battle judgment, for the purpose of ascertaining the amounts and priorities of the various liens upon the real estate of Killebrew, in which judgment a commissioner was appointed who was directed to sell the tract of land in controversy to satisfy the Battle judgment.  The defendant Moye was not a party to that action.  The land was sold by the commissioner and bid off by the defendant Moye; and upon the report of the commissioner the sale was confirmed at the Fall Term, 1891, of Nash Superior Court and the commissioner ordered to make title to the purchaser upon the payment of the purchase money.  The purchase money not having been paid at maturity, after due notice to defendant Moye, the sale was set aside and a resale ordered at which the plaintiff became the purchaser.  The last-mentioned decree was not docketed nor recorded in Craven County until after the defendant had taken possession of the land and had sold to the intervenors, Simmons, Pou & Ward, certain

timber rights in the land as set out in their answer. The defendant Moye took possession of the land on January 1, 1899, and the deed conveying the timber rights by Moye to his codefendants was registered in Craven County on the 2nd of May, 1899, before the commencement of the present action, and before the docketing of any of the judgments from Nash County in the creditors' proceeding except the order of sale.

It was agreed as a further fact in the case that the co-defendants of Moye took the deed in good faith and without actual notice of claim of plaintiff and without other notice than the constructive notice furnished by the record. It was further agreed that no one was in the actual possession of the land from 1893 to January, 1899, when the defendant Moye took possession.

As against the defendant Moye, the contention of the plaintiff is, that notwithstanding the judgment lien had expired and the defendant was in possession of the land before the decree of the court of Nash County had been docketed in Craven and before the plaintiff's deed from the commissioner had been registered in Craven, the plaintiff's deed from the commissioner to him and the decrees under which the deed was made are sufficient to establish his legal title to the land and his right to the possession thereof, on the ground that the defendant became a party to the proceeding under which the plaintiff procured his deed for all intents and purposes when he became a purchaser of the land at the first sale and that, therefore, his interest, whatever it might have been under the Killebrew deed, passed to the plaintiff, the purchaser, at the resale. It is not necessary to the decision of this case that we pass upon the effect of Moye's purchase at the first sale upon any interest he may have had in the land at that time. That sale was set aside and a resale

ordered, and there was no provision contained in the order of resale holding the defendant Moye liable for any part of the costs of the proceeding or for any possible difference between his bid at the first sale and the highest bid at the resale.

We are therefore of the opinion that under such an order of resale the entire connection of Moye with the proceeding was ended and he thenceforth stood as an indifferent person to the whole matter.

As against the intervenors, Simmons, Pou & Ward, the claim of the plaintiff is, that although he does not claim the land under the court decrees and the commissioner's deed, as of the full legal title, he can yet claim under the deed as color of title. Of course to set up the decree and the deed as color of title adverse possession for seven years had to be shown in himself or some one else under whom he claimed. The case on appeal, however, shows that it was one of the agreed facts that no one had been in possession between 1893 and 1st of January, 1899. But the plaintiff insists that the principle referred to in *Denning v. Gainey,* 95 N. C,. 534, that "in the absence of actual possession the superior and oldest title drew to it a constructive possession," applies to this case. In *Denning v. Gainey,* both parties were claiming under separate deeds and under titles purely legal, with actual possession in neither, and the contest was over a disputed boundary. The cases are entirely dissimilar.

. There was no error.

Affirmed.