JOHN H. MORRIS, Respondent, v. KANSAS CITY, Appellant; MOSES SCHOONMAKER, Defendants.

**Kansas City Court of Appeals, February 5, 1906.**

1. **NEGLIGENCE: Husband and Wife: Res Adjudicata: Damages.** Where a wife sues a city and recovers damages for personal injuries negligently inflicted, the husband may sue the city to recover damages suffered by him by reason of the injury to his wife, pleading the former judgment in favor of his wife as *res adjudicata* on all questions except the kind and quantum of damages he has sustained; and though he includes additional injuries not mentioned in his wife's suit, that makes no difference on the question of liability, but he must prove them as alleged.

2. **TRIAL PRACTICE: Jury's Verdict: Court's Discretion: Conflict of Evidence.** Though it may be true in some instances that where the plaintiff's evidence tends to sustain the issues of his pleading, the defendant without offering any evidence, is etitled to a verdict of the jury, yet it is equally true that the court may on uncontradicted evidence direct a verdict; and the court has had supervisory control over verdicts whether or not there be a conflict of evidence and may, in the exercise of a sound discretion, affirm or set them aside.

3. **TRIAL AND APPELLATE PRACTICE: Jury: Verdict: Discretion.** While the appellate court will not set aside a verdict even where it is against the great preponderance of the evidence, the trial court may and ought to do so, and the appellate court will not interfere with its action in so doing; and, *held*, on the evidence, plaintiff was entitled to a peremptory instruction directing a verdict in his favor for some amount.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*Edwin C. Meservey* and *W. H. H. Piatt* for appellant.

(1) The court erred in granting plaintiff a new trial because under the instructions numbered 1 and 2, given at request of respondent and of which he can not complain, the jury were the sole judges as to the injuries and the damages, and they have properly found that there were no damages sustained from the negligence of defendants. (2) There was substantial evidence to support the verdict and on evidence sufficient to go to a jury their finding under proper instructions is final. Culbertson v. Hill, 87 Mo. 553. (3) The verdict being for the right party even though an erroneous instruction be given the motion for new trial should be overruled. Baustian v. Young, 152 Mo. 325. (4) Appellant was entitled to judgment on the pleadings and the whole record, and the findings of the jury should not be disturbed. Wagner v. Electric Light Co., 82 Mo. App. 287. (5) If injury complained of may have resulted from one of two causes, unless defendant be liable for both, plaintiff must show to a reasonable certainty that the cause for which defendant is liable produced the result, and if the evidence leaves it to be determined by conjecture or surmise, plaintiff cannot recover. Smart v. Kansas City, 91 Mo. App. 586.

*Charles R. Pence* for respondent.

(1) This case was tried in accordance with the law declared by this court in Brown v. Railway, 96 Mo. App. 164. (2) There was substantial and uncontradicted evidence as to each item of plaintiff's damage claimed in his petition, and the court did not err in holding, on motion for a new trial, that plaintiff was entitled to a verdict in some amount. The court saw the witnesses and heard them testify, and by his ruling on the motion has expressed his judgment that plaintiff was justly entitled to recover.

BROADDUS, P. J.—The plaintiff Morris brought this suit as the husband of Sarah H. Morris to recover damages sustained by him on account of injury to his said wife, the result of a fall into an unguarded excavation in a public street of the city. The wife had previously recovered judgment for her injury against these defendants in the circuit court of Jackson county, which had been paid. The plaintiff pleaded said judgment as *res adjudicata* in respect to the injury to his wife, the negligence of defendants, and the absence of contributory negligence on her part. The trial was conducted upon the theory that the judgment in the said suit of the wife established the defendant's liability, according to the holding in Brown v. Railway, 96 Mo. App. 164. And "every question of fact that could arise in the present case was determined in that except as to the kind and *quantum* of damages to which the plaintiff was entitled."

Defendants contend that, in addition to the injuries alleged in the suit of the wife were included in the petition herein injuries to her side and back. That could make no difference as to defendants' liability, and plaintiff was required to prove the allegation and the matter was contested by evidence introduced upon the part of defendants. Its only effect was upon the question of damages.

The verdict and judgment were for the defendants. Plaintiff filed a motion for new trial, which was sustained on the ground that, "under the evidence and law, as declared by the court, the plaintiff was entitled to a verdict for some amount," being a ground assigned for a new trial. Instruction numbered 1, given for plaintiff, tells the jury that the judgment of the former suit of the wife establishes the negligence of defendants and the absence of contributory negligence on her part in relation to the injuries she received; and that if the jury find that plaintiff is, and was, at the time of said injury, the husband of said Sarah H. Morris, and that

he has suffered any damage or incurred any expenses by reason of the injury to his said wife as defined in another instruction given, then your finding must be for the plaintiff.

There was substantial evidence that the plaintiff had been deprived by reason of his wife's injuries so received, of her services at his home, and that he had incurred expense for medical aid in caring for her. In fact, the preponderance of the evidence, at least, was in his favor on that issue. The defendants' grievance is that the plaintiff was irrevocably bound by the verdict of the jury as they were the sole judges of the credibility and weight of the testimony, citing Lovell v. Davis, 52 Mo. App. 342, where it is held, "it was not error to tell the jury they were not bound to believe the declarations of witnesses, because such declarations were uncontradicted: they might believe or disbelieve them as it might appear from all the facts to be true or untrue." In Seehorn v. Bank, 148 Mo. 256, it is held that, "Where allegations in the petition are denied by the answer, and evidence is introduced by the plaintiff to sustain the issue upon his part, the defendant is entitled to have a jury, or the court sitting as a jury, to pass upon the issues, although defendant offers no evidence at all." The rule thus announced is not without exceptions. In May v. Crawford, 150 Mo. 504, it is held that the court may on the uncontradicted evidence direct a verdict on the issue. The decisions of this State are not uniform on the question, but the case last cited and later decisions by this court appear to be founded on sound basis of reason. But whether or not a party litigant has the right to the verdict of the jury in any given case, whether or not there was any conflict in the case, the trial judge has a supervisory power over such verdicts and he may, in the exercise of a sound discretion, affirm or set them aside in the interest of justice.

And while the appellate courts will not set aside a verdict, even where it is against the great preponderance

of the evidence, the trial court may, and ought to do so.. In a recent case in this court it is held that, where the verdict is supported by uncontradicted evidence, this court will sustain the action of the trial court in setting it aside on the ground that it would not interfere with the action of the former in the exercise of a sound discretion. [First Nat'l Bank v. Bennett, 114 Mo. App. 691; see also Pritchard v. Hooker, 114 Mo. App. 605.] These cases reaffirm what is so well said in Bank v. Hainline, 67 Mo. App. 483.

In this case, the great preponderance of the evidence was with the plaintiff. In fact, he was, as a matter of law, entitled to an instruction directing a verdict in his favor for some amount. The court was right in setting aside the verdict, and its action is affirmed. All concur.