# AMELIA PORTER v. ST. JOSEPH STOCK YARDS COMPANY, Appellant.

### Division One, July 3, 1908.

1. **NEGLIGENCE: Demurrer: Conflict of Testimony: Car-Repairer: Flag on Switch Track.** Where two witnesses swore positively that a flag was on the switch track, between the switch entrance and the stationary car under which deceased was working, and defendant's witnesses swore equally positively that no flag was there, as the rules of the company required, the settlement of the conflict in the testimony was for the jury, and the court cannot sustain a demurrer to the evidence on the ground that deceased was guilty of contributory negligence in not placing a warning flag on the track.

2. ———: ———: **Actual Notice: Unreasonable Evidence.** It is unreasonable that a car-repairer, at work under the second of two stationary cars, after he had placed his flag on the switch track, as the rules of the company required, and after one car had been kicked in on the track and he had been told by one of the switching crew that other cars would soon be pushed in on the track, would have remained in the place of danger under the car until he was killed within five minutes of the alleged warning. And where the member of the crew who swore he so notified him is contradicted on every other material point, even upon the point that a car had been kicked in on that particular track prior to the ones which caused the car-repairer's death, and that too by two others of the train crew, the reasonableness of the testimony of that one witness is to be passed upon by the jury, although he was not contradicted on the point that he gave deceased actual notice.

3. ———: Instruction: Preponderance: Evenly Balanced. Where the jury were told in two instructions given that the burden rests upon plaintiff to prove her case by a preponderance of the evidence, it was not error to refuse a third which told them that if they find the evidence evenly balances or that it preponderates in favor of defendant, plaintiff cannot recover.

4. ———: ———: Wrong Theory: Contradictory of Defenses. Where defendant throughout the trial made two defenses, namely, that there was at no time a flag on the switch track between the switch entrance and the car under which deceased was working, and that one of its train crew notified deceased, after a car had been kicked in, that other cars would be switched on to the track, it was not error to refuse to instruct the jury that if deceased had placed a flag in front of the cars on the track, yet if said flag was knocked down by the car kicked in, and deceased with knowledge of that fact placed himself under said stationary car without again putting up a flag to warn the train crew that he was working about the car, plaintiff cannot recover, provided he knew they intended to switch other cars upon said track—the proviso being covered by another instruction given.

5. NEW TRIAL: Newly-Discovered Evidence. Affidavits by witnesses who were present and testified, to the effect that a material witness for plaintiff was not present at the place of the accident, do not show diligence. Ordinary prudence would have prompted counsel to inquire of affiants who were present at the accident, and if the particular witness was there.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Thomas F. Ryan* for appellant.

(1) The court erred in overruling the demurrer asked by defendant at the close of all the testimony. (2) The court erred in refusing instruction 4 asked by defendant. (3) (a) The court erred in refusing to give instruction 8 asked on the part of defendant. Not only was there evidence to support this theory of the defense, but the uncontradicted evidence was that the deceased, immediately before he was injured, was warned

that other cars were to be pushed in upon the same track. If the deceased, with this knowledge, then placed himself in a place of danger which resulted in his injury, he certainly could not recover in this case. If there was any evidence tending to prove this fact, then defendant was clearly entitled to have that issue submitted to the jury under proper instructions. Riddens v. Riddens, 29 Mo. 470; Devitt v. Railroad, 50 Mo. 302; Kraft v. McBoyd, 32 Mo. App. 399; Cahn v. Reed, 18 Mo. App. 131. (b) The court erred in refusing to give instruction 9 asked on the part of defendant. Defendant was entitled to have this instruction given if there was any evidence upon which it could be based. The law clearly gave defendant the right to have the jury consider its theory of defense as made out by the evidence under proper instructions. Every fact stated in this instruction was proven beyond controversy. The refusal of this instruction was clearly error and that error was not cured by the giving of the other instructions in this case. The other instructions given were general instructions and none of them covered the particular issue and facts to which the jury's attention was asked to be called by this refused instruction. Defendant was entitled to have its theory of defense submitted to the jury, and the court erred in refusing to submit a defense which was supported by evidence. Van Horn v. Railroad, 198 Mo. 491; Dac v. Car Co., 112 Mo. App. 489; Allen v. Railroad, 183 Mo. 435.

*Brewster, Ferrell & Mayer* for respondent.

(1) The court properly overruled defendant's demurrer offered at the close of all the testimony. The jury, the triers of the facts, found, as they had a right to find, that Criss was wrong when he swore the flag was not up when the first car was kicked in, and the jury had a right to disbelieve the improbable story of the conversation with Porter as related by the same

witness.   Boone v. Railroad, 20 Mo. App. 235; Gregory
v. Chambers, 78 Mo. 298; Kenney v. Railroad, 80 Mo.
573; Milliken v. Com. Co., 202 Mo. 637.   (2) The court
did not err in refusing defendant's instructions 8 and 9.
Giving these instructions the most favorable construc-
tion for defendant, they stated, in substance, that if
Porter, prior to the time he received the injuries, had
knowledge that defendant intended to switch cars in
and upon track 8, then plaintiff could not recover.
There was no evidence that Porter had such knowledge,
except that Criss testified that he warned Porter.   In
appellant's brief it is insisted that Porter had knowl-
edge because he was warned by Criss, and apparently
this is the only evidence of Porter having knowledge
which the writer of appellant's brief could call to the
attention of this court.   Therefore, the question to sub-
mit to the jury was:   Did Criss warn Porter?   This was
the simple, straightforward and direct question, based
on the evidence, and in keeping with the theory upon
which the case was tried.   And the trial court, by giving
defendant's instruction 7, fully and fairly submitted
the question of warning to the jury.   As applied to the
evidence in this case, and the theory upon which the
case was tried by appellant, instructions 8 and 9, which
were refused, were repetitions of instruction 7, which
was given, and, therefore, 8 and 9 were properly re-
fused.    Blanton v. Dold, 109 Mo. 77; Crawshaw v.
Summer, 56 Mo. 517; Maxwell v. Railroad, 85 Mo. 95.
As to instruction 9, there was absolutely no evidence
that Porter was not killed when the first car was kicked
in, much less that he knew that the first car kicked in
had knocked down his flag, except that Criss testified
(not that he told Porter the flag had been knocked down,
for Criss swore no flag was ever up) that he warned
Porter that defendant was not through switching on
track 8.

GRAVES, J.—Plaintiff is the widow of Cyrus O. Porter, who came to his death by being run over by a car under which he was at work as a car-repairer for the Hammond Packing Company. The widow brought this action for the statutory penalty of $5,000, within the period prescribed by statute.

Defendant is a corporation running and operating stockyards in St. Joseph, Missouri, in connection with which are several main and a number of switch railroad tracks, over which the defendant by and through regular switching crews moves cars from place to place in its yards and to the near-by packing-house plants. The Hammond Packing Company, for which deceased was working as a car-repairer, had a near-by plant. Among the number of switch tracks upon which cars were placed was one numbered 8. Upon this track were standing several stationary cars. Under one of these cars, Porter went for the purpose of making some repairs. The evidence tends to show that it was the second car. It also appears that there was a rule or custom which required car-repairers, before going under a car, to put up a flag between the stationary cars upon the track, and the switch leading into such track, so as to notify the switching crew that he was under the car. This rule or custom stands admitted in the record. When such flag was so placed it was the duty of the switching crew to give notice to the car-repairer before moving the cars from the track or placing others thereon. In the petition it is charged that the deceased placed the signal flag in the proper place before going under the car to work, but that defendant, notwithstanding the fact that it was thus notified of the dangerous situation of deceased, carelessly and negligently backed in a string of cars upon such side track, without notice to deceased, and negligently caused the same to violently strike the car under which deceased was working, thereby inflicting upon

him injuries from which he then and there died. The answer is a general denial and a plea of contributory negligence. Upon trial before a jury a verdict for plaintiff in sum of $5,000 was returned and judgment duly entered. After an unsuccessful motion for a new trial, defendant brings the case here by appeal. As defendant urges that a demurrer to the evidence should have been sustaind, further statement of the evidence will follow at the proper point. This sufficiently states the case.

I. At the close of the evidence the defendant interposed a demurrer to the testimony. The refusal to sustain this demurrer is urged as error upon the part of the trial court. This contention is urged more strongly upon the ground that Porter was actually warned that cars would be pushed in on the track, and incidentally on the ground that no flag of warning was set up by Porter.

(a). This accident occurred very shortly after 12:30 p. m. on May 17, 1905. At 12:30 a whistle was sounded as a signal to the men to return to their work. Two witnesses, Boyer and Teat, testify that they saw Porter as he started to his work upon a car that was located upon track 8, place a proper signal flag in between the rails of track 8, between the stationary cars thereon and the switch lead and near to the switch lead. They also testify that they saw a flag lying between tracks seven and eight as they returned from the place where Porter was killed. Boyer further testified that he noticed the hole in the ground where the flag had been and from which it had been knocked by the moving car or cars. These two witnesses, it is true, are flatly contradicted by most if not all of the switching crew. This contradiction, even though by the greater number, would not authorize a demurrer upon that question. This became a question

for the jury. [Rinehart v. Railroad, 204 Mo. l. c. 276, and cases cited therein.]

(b) It is next urged that the defendant first kicked in one car upon track 8, then pushed in some cars on track 5, then, within four or five minutes from the time it kicked in the one car upon track 8, it shoved in on track 8 some five or six cars coupled to the engine, at which time Porter was killed. By one Criss it is shown that when the first car was kicked in on track 8, he saw Porter, and was asked by Porter if they were through switching upon that track, and he informed Porter that there were other cars to be put in there, and that they were not through as yet. Most of the witnesses agree that there was one car kicked in first, followed by the engine and five or six cars four or five minutes later. However, the engineer, Niles, witness for the defendant, disagrees with this view, and describes the movements of his engine thus:

"Q. How long after you pulled into the yards before you went onto track eight? A. We had been on seven switching, on five, come back to seven and then on eight.

"Q. After you got through switching the cars on track seven how near to the lead did the west end of the cars extend, the stationary cars there?

"The Court: Car you left on track seven? A. I don't know.

"Q. Did you notice where they were located? A. No.

"Q. Do you know how many movements you made there with your engine before you kicked the car in on track eight, single car? A. Didn't kick no car in on track eight, kicked it on five, went back in on seven, kicked in on seven and went back on eight light.

"Q. What were you doing at the time Porter was injured? A. Shoving in on track eight.

"Q. How many cars were you shoving in? A. Five or six, I don't know."

And witness Boyer, for plaintiff, although saying several times that the one car was kicked in upon track 8, upon cross-examination said:

"Q. Then you didn't know whether they kicked it in on seven, or eight, or nine? A. No, sir, I didn't know at that time."

The evidence is therefore divided upon the question as to whether or not this first car was kicked in upon track 8, or upon some other track. All of defendant's witnesses say that there was no flag there at any time, but this is disposed of above and we mention it now only in so far as it affects the testimony of Criss. The contention of defendant is, even though there might have been a flag, it was knocked down by this first car, and none was shown to have been put up later. It also contends that deceased saw the first car and therefore knew that his flag was displaced, and was further notified that other cars were to be pushed in upon that track. Defendant urges that under the undisputed testimony of Criss, the deceased was guilty of such contributory negligence as would preclude a recovery and for that reason the demurrer should have been sustained. Porter's lips were sealed and of course there is no denial in terms of the alleged warning given by Criss, or that he knew his flag was down. But on the other hand, Criss is flatly contradicted upon other material points, and it is not certain whether this first car was placed on track 8 or 7. Criss swears that there was no flag at any time and in this is contradicted. He swears that there was one car kicked in on track 8 first and in this he is contradicted by Niles, the engineer. There is a presumption that Porter, the deceased, exercised ordinary care for his own protection, and in the face of Criss's alleged warning that they were going to put in other cars upon track 8, we find him under

a car in a place of danger, within less than five minutes of the alleged warning. This is unreasonable to say the least. With these facts before the court, isn't the reasonableness of Criss's story a question to be passed upon by the jury who had opportunity to see the demeanor and conduct of the witness upon the stand? We think so. The testimony for plaintiff, with the presumption aforesaid, made a strong prima-facie case. [Gannon v. Gas. Co., 145 Mo. 502; Davidson v. Railroad, 211 Mo. 1. c. 359.]

There was no error in overruling the instruction in the nature of a demurrer.

II. It is next urged that there was error upon the part of the trial court in refusing instruction numbered 4, asked by defendant. This instruction reads: "The court instructs the jury that the burden of proof is on the plaintiff and it is for her to prove her case by a preponderance of the evidence; if you find that the evidence bearing upon the plaintiff's case evenly balances or that it preponderates in favor of the defendant, then the plaintiff cannot recover."

In this connection it must be noted that the court gave for defendant instructions numbered 2 and 5. Instruction number 2 after reciting the negligence pleaded by the plaintiff in her petition winds up thus: "The court therefore instructs you that the burden rests upon the plaintiff to prove these facts by a preponderance of the evidence to your satisfaction, and unless they are so proven your verdict must be for the defendant."

Instruction number 5 reads thus: "The court instructs the jury that you are not warranted in finding a verdict for plaintiff in this case from the evidence alone that the plaintiff's husband, while repairing a car on side track number 8, received injuries which resulted in his death, and that said injuries were caused by the

backing of a string of cars in charge of the servants
of the defendant and against the car which the plain-
tiff's husband was repairing; but the court instructs
you further that to entitle the plaintiff to recover the
burden rests upon her to prove to your satisfaction
that at the time said string of cars were so pushed by
the servants of the defendant against the car which
plaintiff's husband was repairing there was then a
signal flag placed by the husband of the plaintiff in
front of said car which he was repairing for the pur-
pose of giving a signal or notice to the servants of
the defendant that he or some one was repairing one
of said stationary cars, and unless the plaintiff prove
this fact to your satisfaction by a preponderance of
the evidence, then your verdict must be for the defend-
ant.''

It will be observed that in two instructions for the
defendant the plaintiff was required to prove her case
by a preponderance of the evidence and to the satis-
faction of the jury and that unless she had so estab-
lished her case the verdict must be for the defendant.
With these two instructions given there was no error
in refusing number 4. If the evidence must pre-
ponderate in her favor before she could recover, the
jury would be advised that she could not recover if it
were evenly balanced or preponderated the other way.

III. The next contention is the refusal of the
court to give instructions numbered 8 and 9, as fol-
lows:

''8. The court instructs the jury that if you find
from the evidence that the deceased, Cyrus O. Porter,
prior to the time he received the injuries which re-
sulted in his death, had knowledge that the servants
of the defendant intended to switch cars in upon track
number eight, and that the deceased, Cyrus O. Porter,
with such knowledge, placed himself in a position where

he was liable to be injured by the movement of said cars, then the plaintiff cannot recover in this case and your verdict should be for the defendant.

"9. The court instructs the jury that although you may believe from the evidence that the deceased had placed a flag in front of the cars on track number eight, yet if you further find from the evidence that after said flag was so placed it was knocked down by a car kicked or shoved in by the servants of the defendant, and that the deceased with knowledge of this fact placed himself under said stationary cars without putting up a flag or signal to warn the servants of the defendant that he was working about said cars, then plaintiff cannot recover in this case, provided the deceased knew that the servants of defendant intended to switch other cars in and upon said track."

Instruction number 8 thus refused is fully and fairly covered by instruction number 7 which was given. Number 7 reads: "The court instructs the jury that if the deceased, Cyrus O. Porter, shortly prior to the time he received the injuries which resulted in his death, was warned and notified by the servants of the defendant that they intended to switch cars in upon number eight track and that the deceased, Cyrus O. Porter, after being so warned and notified, placed himself in a position of danger, where he was liable to be injured by the movement of said cars, then the plaintiff cannot recover in this case and your verdict should be for the defendant."

Nor was there error in refusing instruction number 9 for the reason that defendant throughout made but two defenses to this action. It introduced evidence upon but two theories. First, it claimed there never was a flag there, and, secondly, it claimed that Criss notified Porter that they were not through switching. The defendant having adhered in its evidence strictly to these two theories, the refusal of this in-

struction was not error. The theory of plaintiff was that there was a flag placed and defendant disregarded the signal. Further, the last part of the instruction is predicated upon the knowledge of deceased that other cars were to be switched in upon that track, which question is fully covered by instruction number 7.

IV. The next and last point urged is the failure of the trial court to sustain the motion for new trial on the ground of newly-discovered evidence. Of this, learned counsel for the defendant in his brief says:

"We candidly admit that these affidavits alone would not have justified the court in granting a new trial in this case, but we say that, when you consider the unsatisfactory and apparently untruthful evidence of these witnesses, justice would have been better subserved had the court sustained the motion and given the defendant an opportunity to meet this testimony, which was not only a surprise to the defendant, but which the defendant had no reason to anticipate."

The trouble with these affidavits is the failure to show proper diligence. The effect of the newly-discovered evidence was to show that Boyer was not present at the time of the accident. This they propose to prove by Davis and other witnesses who were actually used by the defendant in the trial. The only excuse offered is that counsel for the defendant did not know or learn from the witness Davis that Boyer was not present. With Boyer on the stand as a witness, ordinary prudence would have prompted counsel to inquire of his witnesses who were present, and as to whether or not Boyer was there. The candid statement of counsel in his brief here as above quoted is commendable. The credibility of these witnesses, however, was for the jury.

The case should be and is affirmed.

All concur, except *Valliant, P. J.,* absent.