OLA E. ASBILL, Respondent, v. CITY OF JOPLIN, Appellant.

**Springfield Court of Appeals, January 3, 1910.**

1. **MUNICIPAL CORPORATIONS: Personal Injuries: Question for Jury.**  In a suit for damages against a city for injuries received by plaintiff in falling over a wire which had been placed along a new concrete sidewalk, where the plaintiff testified that at the time of the accident the night was dark and there were no lights or barriers to notify her that the wire was across the walk, and two witnesses for defendant testified that a board and lantern had been placed across the walk in the early part of the evening; *held*, that although no one testified that the light was not placed as stated by the defendant's witnesses, yet the credit due these witnesses was a matter peculiarly for the jury, and as their verdict had the sanction of the trial court, the appellate court will not interfere therewith.

2. **INSTRUCTION COVERING WHOLE CASE: Separate Instructions.**  Where the court, at the request of defendant, gave an instruction fully and clearly submitting its principal defense, it is not reversible error for the court to give a general instruction which fails to mention this defense.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Mercer Arnold* for appellant.

(1)    The defendant is not liable unless it had notice of the removal or unless the light had been removed for such a length of time as to give to defendant constructive notice as to its removal. Ball v. City of Independence, 41 Mo. App. 475; Myers v. City of Kansas, 108 Mo. 487. (2) No mention is found in the first and general instruction of the plaintiff as to defendant's principal defense. It is respectfully submitted that this instruction is wrong in the above respect. Hohstadt v. Daggs, 50 Mo. App. 240; State v. Davies, 80 Mo. App. 239; Boothe v. Loy, 83 Mo. App. 601; Percell v. Metropolitan Street Railway Company, 126 Mo. App. 43.

*Clay & Davis* for respondent.

Defendant issued a permit for the laying of the sidewalk in question, and is liable for the damages sustained by plaintiff, regardless of the fact that it did not have notice, actual or constructive, of the failure of the contractor or lot owner to set out a light to warn travelers of the obstruction.    Russell v. Columbia, 74 Mo. 480; Golden v. City of Clinton, 54 Mo. App. 117; Lindsay v. Kansas City, 195 Mo. 166; Haniford v. Kansas City, 103 Mo. 181.

GRAY, J.—This cause was commenced in the Jasper Circuit Court to recover damages for personal injuries which plaintiff claims she received in June, 1907, in falling, caused by tripping on a wire across one of the sidewalks on a public street in the city of Joplin.

Her evidence tended to establish the fact that Eighteenth street at the time complained of, was a pub-

lic street in the city of Joplin; that the city had given a permit to one Powell, to lay and construct a concrete sidewalk on said street, and that while said walk was being laid and before the sidewalk was opened to the traveling public, there was strung across the end of said walk a wire, intending to prevent persons from passing onto and over said walk. She alleged in her petition that the contractor and defendant failed to set out a danger signal to notify persons of the obstruction caused by stretching said wire across the walk; that on said evening, and while she was passing on said walk, exercising due care, and without notice of said obstruction, she fell and suffered damages in the sum of $5000, for which judgment was asked.

A trial was had by jury, and a verdict rendered in favor of respondent for the sum of $500, and the city has appealed to this court.

The errors assigned are, that the court erred in refusing to give peremptory instruction asked by the appellant; that the verdict is against the evidence, and that the court erred in giving the first instruction requested by the plaintiff.

The plaintiff was the only witness in her behalf as to the condition of the walk at the time of the accident. She testified that the night was dark, and that there were no lights or barriers to notify her that the wire was across the walk, and while walking along in the ordinary manner, she tripped and fell.

When we consider the further fact that the city had granted a permit to have the walk constructed, the plaintiff's evidence entitled her to go to the jury.

In behalf of the defendant, two witnesses testified that the wire was placed across the sidewalk because the concrete walk was not in a condition to be used by the public, and that the wire was stretched and a board was placed at the top of the wire across the walk, and on which was hanging a lantern, in the early part of the evening. These facts were testified to by two witnesses,

who assisted in the construction of the walk. The appellant claims because no one testified that the light was not placed on the walk in the early part of the evening, that the court should have given the instruction to find for the defendant, in as much as the testimony of these witnesses showed that the proper warning had been given early in the evening, and if it was not there at the time the plaintiff was injured, the city was not liable. It seems to us this was a question for the trial court. [Steamboat City of Memphis v. Matthews et al., 28 Mo. 248; Meyers v. City of Kansas, 108 Mo. 480; Morris v. Kansas City, 117 Mo. App. 298, 92 S. W. 908.]

In the case of Steamboat City of Memphis v. Matthews, above cited, the court says: "All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury. The credit due to the witnesses is a matter peculiarly for the jury, and any control over the finding of a jury in this respect could hardly be judiciously exercised by this court, which must be guided altogether by what appears on the face of the record. The circuit judge would not, of course, permit a verdict to stand against his own instruction, and as that court has virtually certified to us that the verdict was right, we cannot interfere."

What we have just said determines the second point also, as it was for the jury to weigh and properly determine the testimony of the witnesses in behalf of the appellant.

It is finally claimed that instruction No. 1 given in behalf of plaintiff, is wrong because it is a general instruction and attempts to inform the jury if they find certain facts to be true from the evidence, they should render a verdict for the plaintiff, but fails to mention one of the principal defenses relied upon by the defendant, to-wit: That if a light or signal was placed at the scene of this accident the evening plaintiff was hurt

and prior to her accident, but was afterwards removed by third parties, the plaintiff cannot recover.

The court gave an instruction at the request of the appellant, which clearly submitted this issue, and as the instructions taken together present the law fully, the action of the court in not submitting in the first instruction this defense is not reversible error. [Austin v. St. Louis Transit Co., 115 Mo. App. 146, 91 S. W. 450, and cases therein cited.]

We find no error was committed against the appellant materially affecting the merits of the action, and therefore, affirm the judgment. All concur.