ARVILLUS N. MILLER, Respondent, v. WILLIAM H. SNYDER, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. DEBTOR AND CREDITOR: Payment of Debt: Burden of Proof: Sufficiency of Evidence: Question for Jury. Plaintiff alleged that he had sold certain personal property to defendant and that defendant was to pay for the same in lumber; that defendant had only delivered a portion of the lumber and the suit was for the value of the balance due. The answer admitted the purchase of the property, the agreement to pay in lumber, and further alleged the delivery of the full amount of the lumber in payment for the property. Held, that under the pleadings and evidence plaintiff had made a prima facie case; that the

burden was upon defendant to prove that he had delivered all the lumber called for by the contract, and that it was for the jury to say whether the defendant's evidence was sufficient to overcome plaintiff's prima facie case.

2. ———: ———: ———. The general rule is that payment of a debt is a matter of defense and the burden of proving the same is upon the person alleging it.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Meredith & Ing* for appellant.

(1)   Where a defendant denies an allegation material to the plaintiff's case, the burden is on the plaintiff to establish its truth, whether the action be in contract or in tort.   16 Cyc. 928; Merchant v. Manion, 97 Ill. App. 43; Piper v. Matkins, 8 Kan. App. 215; Kenton Ins. Co. v. Osborne, 51 S. W. 306; Ford v. Oil Co., 32 N. Y. App. 596, 53 N. Y. S. 48; 1 Greenleaf on Evid., 107; State to Use v. Martin, 18 Mo. App. 468; McCartney v. Insurance Co., 45 Mo. App. 373; Turner v. Overall, 172 Mo. 289; Long v. Long, 44 Mo. App. 141.

*Abington & Phillips* and *Ernest A. Green* for respondent.

(1)   The judgment was for the right party, and the demurrer to the evidence was properly overruled. The appellant having failed to pay the full amount of lumber due under the contract, and having failed to fully perform the contract, was liable for the balance of the purchase price under the contract.   Sutter v. Raeder, 149 Mo. 297; St. Louis v. Packet Co., 214 Mo. 638; Merritt v. Matchett, 135 Mo. App. 176; Fassbinder v. Railroad, 126 Mo. App. 563; Luehrmann v. Laclede Gas Light Co., 127 Mo. App. 213.   (2)   Plaintiff's instruction No. 1 was a correct one.   The burden of proving payment is always upon the party asserting

the same.  9 Cyc. 759, 761; McGregory v. Prescott, 5 Cush (Mass.) 67; Van Gieson v. Van Gieson, 12 Barb. (N. Y.) 520; Douglass v. Land Co., 12 West Va. 502; Oil Well Supply Co. v. Wolfe, 127 Mo. 616; Griffith v. Creighton, 61 Mo. App. 1; Hutchinson Mfg. Co. v. Henry, 44 Mo. App. 263; Yarnell v. Anderson, 14 Mo. 619; Ferguson v. Dalton, 158 Mo. 323; Trimble v. Moore, 125 Mo. App. 601; Bahrenburg v. Fruit Co., 128 Mo. App. 526; Christianson v. McDermott Estate, 123 Mo. App. 448.

GRAY, J.—This is an action begun in the circuit court of Butler county, by plaintiff, to recover from the defendant the purchase price of certain personal property sold under a written contract executed between the parties.  By the terms of a bill of sale, the plaintiff sold and delivered to the defendant, his interest in six head of mules and other personal property.  The defendant agreed to pay for the property $58,000 feet of one-inch gum lumber.  The defendant was to pile the lumber in the mill yard at Ash Hill, on or before March 1, 1908. The bill of sale was executed on the 14th day of November, 1907.

The petition alleged the making of the contract, the delivery by plaintiff of the mules and other property to the defendant; that defendant had only delivered 47,806 feet of the lumber, and there was still due plaintiff the balance of the lumber of the value of $101.94.

The answer admitted the purchase of the property from plaintiff and the agreement to pay therefor 58,-000 feet of lumber, and affirmatively alleged that the defendant had delivered to the plaintiff the full 58,000 feet of lumber, and therefore had fully paid for the property purchased.

The plaintiff testified that about a year after the lumber was delivered, he had it measured, and there was only 47,806 feet, and that the difference between that and the amount to be delivered was of the value of $101,-

94. The evidence also showed that a small shrinkage by reason of drying, might take place during the time it is admitted the lumber was on the yard before plaintiff had it measured. The defendant tried to show that some of the lumber had been taken away, but plaintiff denied that more than thirty-five feet had been taken from the yard. The defendant testified that he delivered on the yard the full amount of lumber named in the contract, and in this he was corroborated by other witnesses.

The court, in behalf of the plaintiff, told the jury that the burden was upon the defendant to prove he had paid the debt due plaintiff by delivering to him 58,000 feet of lumber, according to his contract. To the giving of this instruction the defendant objected and saved his exception. The defendant was given the right to open and close the argument over the objection of the plaintiff. The jury returned a verdict in favor of the plaintiff, in the sum of $97.21, and defendant appealed from the judgment rendered on that verdict.

There are but three points to be considered on this appeal. First, the respondent claims that the appellant's abstract of the record does not comply with the law and rules of this court, and on that account, the matters complained of by defendant are not before us for review.

While the abstract of the record does not in all things comply with the law and rules of this court, as declared in former decisions, we do not believe the omissions are of sufficient importance to justify us in refusing to consider the case on the merits.

The plaintiff having testified that only 47,000 feet of the lumber was delivered, and that this was shown by actual measurement made about one year after the lumber had been delivered, and in the meantime only about thirty-five feet had been removed, his evidence was sufficient to take the case to the jury, and if defendant had offered no testimony, it could not be said that the judgment was without evidence to support it, and as he made

out a prima facie case; it was for the jury, and not this court, to say whether the defendant's testimony was sufficient to overcome plaintiff's prima facie case. [Clover v. Railroad, 124 S. W. 43; Asbill v. City of Joplin, 124 S. W. 22; Miller v. Telephone Co., 126 S. W. 187; Cobb v. Holloway, 129 Mo. App. 212, 108 S. W. 109; Sparks v. Jasper County, 213 Mo. 218, 112 S. W. 265; Saeger v. Railroad, 131 Mo. App. 282, 110 S. W. 686; Porter v. Stockyards Co., 213 Mo. 372, 111 S. W. 1136.]

The general rule is that payment is a matter of defense and the burden of proving the same is upon the person alleging it. [Griffity v. Creighton, 61 Mo. App. 1; Hutchinson Mfg. Co. v. Henry, 44 Mo. App. 1. c. 267; Ferguson v. Dalton, 158 Mo. 323, 59 S. W. 88.]

The plaintiff alleged that he sold his property to defendant for so many feet of lumber; that defendant had paid him therefor a certain number of feet of lumber and the balance was due. The defendant alleged that he had paid for the property in full by delivering the number of feet of lumber he had agreed to pay for the property. Suppose the plaintiff had sold his property for $500, and he had alleged in his petition that fact, and that $300 had been paid, and the defendant had answered that he had made full payment, under all the authorities, the burden of proving payment in full would have been upon the defendant, and we can see no reason for making any exception to the general rule in determining the issues of this case. The judgment of the trial court will be affirmed. All concur.