JOE ELLIS RABIL v. ROSA FARRIS and JOHN FARRIS.

(Filed 13 April, 1938.)

**Judgments § 32—Judgment in action by minor, brought by father as next friend, held not to bar action by father to recover for loss of services.**

In an action by a minor, brought by her father as next friend, judgment was entered on the verdict that the minor was not injured by the alleged negligence of defendants. Thereafter the father instituted this action against the same defendants to recover for loss of services of his daughter and medical expenses incurred by him as a result of her injuries, the allegations of negligence in both actions being substantially the same. *Held:* The minor was the real party plaintiff in the prior action, even though it was brought by her father as next friend, and there is no privity between the plaintiffs in the respective actions, and defendants' plea of estoppel by judgment in the second action should have been overruled, the right of action in the father being separate and distinct from the right of action in the daughter, and the term "privity" meaning mutual or successive relationship to the same rights or property.

BARNHILL, J., dissenting.

DEVIN and WINBORNE, JJ., concur in dissent.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1937, of WILSON. Reversed.

*T. T. Thorne and Charles B. McLean for plaintiff, appellant.*
*A. J. Fletcher and Sharpe & Grimes for defendants, appellees.*

SCHENCK, J. This is an action by a father to recover damages for expenses incurred and loss of services due to injuries to his infant

daughter, alleged to have been negligently inflicted by the defendants. It is alleged in the complaint that the defendant Rosa Farris owned an automobile and that the defendant John Farris, while operating said automobile as the agent of his codefendant, negligently ran it against and over the infant daughter of the plaintiff and inflicted serious and permanent injury to said daughter, necessitating medical care and nursing for which plaintiff paid, and deprived the plaintiff of the future services of his said daughter.

The answer denied the allegations of negligence; and for a further defense prayed that this action be dismissed for the reason that the plaintiff was estopped from maintaining it by having acted as next friend of his infant daughter, as plaintiff in another action against the defendants in this action, to recover damages for personal injuries negligently inflicted, and that substantially the same allegations of negligence were made in the other action as are made in this action, and that upon trial of the other action the jury found that said infant daughter was not injured by the negligence of the defendants as alleged.

It was agreed by counsel that the court might find the facts relating to the prayer for dismissal and render judgment thereupon. The court found that the former action had been brought by the present plaintiff as the next friend of his infant daughter against the present defendants, and that the allegations of negligence therein were "practically identical" as the allegations of negligence in this case, and that upon trial of the former action the jury answered in the negative the following issue: "Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint," and that judgment was rendered in favor of the defendants from which plaintiff did not perfect appeal, and that said judgment "became final and binding upon the parties to said action and those who were privy thereto"; and that plaintiff's alleged cause of action grew out of the identical facts and circumstances alleged as a basis of the action instituted by the plaintiff as next friend of his infant daughter against the defendants herein.

The court then concluded as a matter of law that "the plaintiff in the present action, having been a party as next friend of his infant child in the first action, and the jury having determined in said action that the defendants were not negligent in respect to the matters alleged against them . . . defendants' plea in bar should be sustained," and ordered and adjudged that the present action be dismissed at the cost of the plaintiff.

To the judgment the plaintiff reserved exception.

The court was in error in holding that the plaintiff in this action, in acting as next friend for his infant daughter as plaintiff in the former action, became a party to such former action and was estopped by the

verdict and judgment therein from maintaining the present action, and that the defendants' plea in bar should, therefore, be sustained.

*Ruffin, J.,* in *George v. High,* 85 N. C., 113, says: "It has been decided by this Court in several cases, and amongst them the cases of *Branch v. Goddin,* 60 N. C., 493; *Falls v. Gamble,* 66 N. C., 455, and *Mason v. McCormick,* 75 N. C., 263, that one who conducts a suit as guardian or next friend for infants is not a party of record, but that the infants themselves are the real plaintiffs."

In *Krachanake v. Mfg. Co.,* 175 N. C., 435, in speaking of the next friend of the infant plaintiff, the Court said: "The father is not, however, a party in the legal sense. He is an officer appointed by the court to protect the interest of his son, who is the real plaintiff (*Hockoday v. Lawrence,* 156 N. C., 322). . . ."

There exists no privity between the plaintiff in this action and the plaintiff in the former action. "The term 'privity' means mutual or successive relationship to the same rights or property." Black's Law Dictionary (2nd Ed.), p. 943. The two actions were not related to "the same rights or property."

"Ordinarily, the rule is that only parties and privies are bound by a judgment. *Bennett v. Holmes,* 18 N. C., 486; *Simpson v. Cureton,* 97 N. C., 112; *Hines v. Moye,* 125 N. C., 8. No estoppel is created by a judgment against one not a party or privy to the record by participation in the trial of the action. *Falls v. Gamble,* 66 N. C., 455; *LeRoy v. Steamboat Co.,* 165 N. C., 109." *Meacham v. Larus & Brothers Co.,* 212 N. C., 646.

The cases of *White v. Charlotte,* 211 N. C., 186, and *White v. Charlotte,* 212 N. C., 539, relied upon by the appellees, are not applicable to this case. The former case was brought by the father as administrator against the city of Charlotte and Charlotte Park and Recreation Commission for the wrongful death of his intestate and a judgment of nonsuit was sustained upon appeal, "for the reason that there was no evidence at the trial tending to show that the death of plaintiff's intestate was caused by the negligence of the defendants or either of them." The latter case was brought by the father of the infant intestate against the same defendants for loss of the services of his deceased daughter and a judgment of nonsuit was sustained for the reason that "The evidence in this case was substantially the same as in *White v. Charlotte, supra,* except that one additional witness was offered, whose testimony tends to show contributory negligence on the part of the deceased. *White v. Charlotte, supra,* is controlling." No question of estoppel or *res adjudicata* was raised, both cases being dismissed upon a demurrer to the evidence, which was substantially the same in each case.

For the error assigned, the judgment below must be

Reversed.

---

RABIL v. FARRIS.

---

BARNHILL, J., dissenting: With the conclusion of the majority in this cause I cannot agree. This case is one of first impression in this Court, and the point at issue does not seem to have been often presented to courts of other jurisdictions.

It is true, as stated in the opinion, that in a strict legal sense the plaintiff herein was not a party to the suit instituted by him as next friend for his infant daughter against this defendant to recover damages resulting from the same alleged negligent acts of the defendants. This is not necessary. A person is, and should be, bound by a judgment in a suit in which he has the right to adduce testimony, to cross-examine witnesses, and to appeal from the judgment entered. This is the rule as stated by Greenleaf and by Ruling Case Law.

Speaking to the subject in *Green v. Bogue,* 158 U. S., 478, 39 U. S. L. Ed., 1061, 1070, it is said: "Parties, in the larger legal sense, are all persons having the right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies. 1 Greenl. Ev., sec. 535."

In *Anderson v. Third Avenue R. R. Co.,* 9 Daly, 487, it was held that a judgment in favor of the minor in an action by him suing by a guardian *ad litem* for his injuries was conclusive as to the defendant's negligence in a subsequent action by the father for the loss of his son's services. In *Lindsay v. Danville,* 46 Vt., 144, the husband sued for loss of services and medical expenses incurred on account of the wife's injury through the defendant's negligence, and it was held that a judgment against the defendant in a former joint action by husband and wife for her injury was conclusive in the husband's action as to the defendant's negligence. The Court said, at p. 149, "If the husband would be concluded by an adjudication against the wife, in which he had no part, *a fortiori,* he would be concluded by a judgment to which he was party and had full opportunity to adduce evidence and cross-examine the witnesses of his adversary."

In the language of *Lord Ellenborough,* in the leading case of *Outram v. Morewood et ux.,* 3 East, 346, "The estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which, having been once distinctly put in issue by them or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them." In that case the defendant's wife, Ellen, had been sued for digging coal in the plaintiff's mine; the wife had justified her acts under a claim of right in the coal mine, which had been determined against her. She afterwards intermarried with the defendant Morewood, and continued to dig and remove the coal from plaintiff's mine, and the plaintiff brought a second suit against husband and wife, who attempted to set up the same right and title as in the former suit, and the Court held that both defendants were es-

topped. The case was elaborately argued by *Erskine* on the one side and by *Gibbs* on the other, and the Chief Justice brought to his service his great learning and judicial vigor in a thorough analysis of all the authorities on the subject of estoppel, and seems to have had no doubt that if the wife was estopped by the former judgment against her the husband would be estopped also.

In *Brown v. Mo. P. R. Co.,* 96 Mo. App., 164, 70 S. W., 527, the wife sued, joining the husband as a nominal party. There was judgment in favor of the wife. In a suit by the husband the judgment was held to be *res judicata* against the defendant. *Morris v. Kansas City,* 117 Mo. App., 298, 92 S. W., 908, refers to two suits, one by the husband and one by the wife. Judgment in favor of the wife in her case held as *res judicata* against the defendant in the husband's case. Certainly if a judgment in such cases is *res judicata* against the defendant it should likewise estop the plaintiff who conducted the cause in behalf of his child when he sues in his own behalf.

There is, in fact, but one action, and it is based upon the alleged negligence of defendants. The father recovers nothing that the infant would not be entitled to recover were he an adult. Certain of the damages are awarded the parent by reason of his liability for expenses and care of his child during minority and on account of the fact that the law gives him the earnings of the infant until he arrives at 21 years of age. The main issue in each case is the issue of negligence.

In the instant case the plaintiff, as next friend of his infant child, had full control of the suit instituted by him in behalf of the infant. He had an opportunity, and it was his duty, to control the proceedings, to present all evidence favorable to his infant child, to adduce and cross-examine witnesses, and to appeal from the decision if he was so advised. Having done so, as we may assume that he did, the issue of negligence was answered in the negative. It appears to me as being unconscionable to now permit him to again undertake to establish negligence before another jury to the end that he personally may recover of the defendant. He has no cause of action unless his child was injured by the negligent conduct of the defendants. It has been judicially determined that such injuries as the child received were not the result of any negligence on the part of the defendants. Yet the plaintiff is given an opportunity to seek to recover for his own benefit damages arising out of the conduct of the defendants, which was neither wrongful nor negligent, as has been determined in an action in which this plaintiff was charged with the duty, as the official representative of his child, to present all available evidence tending to establish a right of action.

Fundamentally, there is here but one cause of action which the law divides for procedural convenience solely because the damages are to be

divided between the father and the infant child. On the same set of facts as here an adult plaintiff could bring but one action on the merits. Why then permit two actions contested on their merits, with respect to the same facts, merely because the damages are to be divided between the father and the infant? Under the doctrine of *res judicata* the father should be bound as to the determination of facts in the prior case in which he participated. Since the merits of the prior case were determined against him, there are no damages apportionable to him and, accordingly, he has no cause of action.

There are decisions which are not in accord with those cited. I am of the opinion, however, that sound reason leads to the conclusion that the plaintiff herein should not be permitted to prosecute his action, but that the judgment below should be affirmed.

DEVIN and WINBORNE, JJ., concur in dissent.