JOHNNIE NORMAN BULLOCK v. M. F. CROUCH, TRADING AND DOING BUSINESS AS CROUCH BROTHERS.

(Filed 2 November, 1955.)

**1. Constitutional Law § 28: Judgments § 34—**

In order for a judgment of another state to be *res judicata* or binding upon a resident of this State under the Full Faith and Credit Clause of the Federal Constitution, Article IV, Section 1, the resident must have been a party to the action in such other state or in privity with the defendant therein.

**2. Same—**

A judgment obtained in another state against the driver of a motor vehicle upon adjudication that the accident in suit was caused by the negligence of such driver, is not *res judicata* or binding upon the employer of the driver sought to be held liable under the doctrine of *respondeat superior* in an action instituted in this State, since the employer's liability is derivative and does not arise out of mutuality.

**3. Master and Servant § 21: Automobiles § 54a—**

A person who is injured by the negligence of an employee may sue the employee alone or the employer alone, or may bring a single action against both, and where action is brought against the employee alone, no recovery can be had in a subsequent action against the employer if the employee satisfies the judgment against him or obtains a verdict in his favor, nor may the amount of the recovery against the employer exceed the amount of the recovery against the employee.

APPEAL by plaintiff from *Hobgood, J.,* in Chambers at Roxboro, 26 August, 1955. From PERSON.

The plaintiff, a citizen and resident of Person County, North Carolina, instituted an action against Alfred M. Cherry in the Circuit Court of Pittsylvania County, Virginia, to recover for personal injuries sustained by him on 16 May, 1953, when an International truck, owned by the defendant and operated by Cherry, as an employee of the defendant, collided with the automobile owned and operated by the plaintiff.

The plaintiff obtained judgment against Cherry in the Virginia action for $3,200, with interest from 25 May, 1954, and costs, from which judgment Cherry did not appeal. The Virginia judgment has been duly transferred of record to Person County and is unpaid.

The plaintiff instituted this action against M. F. Crouch, a citizen and resident of Iredell County, North Carolina, trading and doing business as Crouch Brothers, alleging ownership by Crouch of the truck Cherry was driving and that Cherry was the agent and employee of Crouch and acting within the course of his employment at the time of the collision in which the plaintiff sustained his damages and injuries.

Upon the establishment of these allegations, the plaintiff seeks to enforce payment of the judgment obtained in the Virginia court against Cherry as determinative of the injuries and damages sustained by the plaintiff. The plaintiff alleges that by reason of the principles of estoppel and res judicata, he is entitled to judgment against the defendant for the amount of damages as determined by the Virginia court, and that the defendant has no right to defend this action on its merits.

The defendant interposed a demurrer on the ground that the complaint does not state a cause of action against him in that the complaint shows on its face that he was not a party to the action in the Circuit Court of Pittsylvania County, Virginia, and that the judgment rendered therein was against Alfred M. Cherry only. The demurrer was sustained and the plaintiff appeals, assigning error.

Burns & Long for appellee, and
Edwin B. Meade of Danville, Virginia, of counsel for appellee.
D. Emerson Scarborough for appellant.

DENNY, J. The appellant insists that by virtue of the provisions contained in Article IV, Section 1, of the Constitution of the United States, we must give full faith and credit to the judgment entered in the Circuit Court of Pittsylvania County, Virginia, in the action of Bullock v. Cherry. Conceding this to be so, it does not follow that such judgment is binding on the defendant in this action.

To bind Crouch by the Virginia judgment it must appear that he was a party to such action or in privity with the defendant therein. Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 56 L. Ed. 1009, 32 S. Ct. 641, Ann. Cas. 1913E 875; Green v. Bogue, 158 U.S. 478, 39 L. Ed. 1061; Meacham v. Larus & Bros. Co., 212 N.C. 646, 194 S.E. 99; Thomas v. Reavis, 196 N.C. 254, 145 S.E. 226; Hines v. Moye, 125 N.C. 8, 34 S.E. 103; Simpson v. Cureton, 97 N.C. 112, 2 S.E. 668; Bennett v. Holmes, 18 N.C. 486; Briley v. Cherry, 13 N.C. 2, 18 Am. Dec. 561; 30 Am. Jur., Judgments, section 220, page 951.

Since it is admitted that the defendant in this action was not a party to the action in which the judgment sought to be enforced was entered, neither the doctrine of res judicata nor estoppel applies unless there was a privity of relationship between this defendant and Cherry.

In the case of Bigelow v. Old Dominion Copper Mining & Smelting Co., supra, the Supreme Court of the United States said: "No judgment can be regarded as res judicata as to any matter where the rights in the subject-matter arise out of mutuality, and not by succession, unless the party could, as a matter of right, appear and defend, even though he may have had knowledge of the suit. Otherwise, he might be bound

by a judgment as to which he had never had the opportunity to be heard which is opposed to the first principles of justice."

It is likewise said in 50 C.J.S., Judgments, section 802, page 347, ". . . where the master is not a party to the action against the servant, either actually or through privity of relationship to his servant, a judgment against the servant is not *res judicata* as against the master," citing *Sherwood v. Huber & Huber Motor Exp. Co.*, 286 Ky. 775, 151 S.W. 2d 1007, 135 A.L.R. 263.

In the last cited case, a judgment had been obtained against the servant, or employee, as in the instant case, and in the suit against the master, or employer, the question was raised as to whether or not the defendants were bound under the doctrine of *res judicata* by the judgment rendered in the action against their servant. The Court said: "To hold that the judgment in such latter case should be given *res judicata* effect so as to bind one only *derivatively* liable in a later action against him would destroy the principal ground upon which the doctrine of *res judicata* is founded, which is, that one so estopped must have been an actual party to the litigation wherein the estopping judgment was rendered, or he must have sustained a privy relationship to one of the actual parties thereto." The Court held that the defendants, not having been parties to the first action of plaintiff against their servant, either actually or through privy relationship to their servant, that the judgment rendered against the latter was not *res judicata* as against them. It was pointed out, however, that if the judgment in the action against the servant had terminated in favor of the servant, since the defendants' liability was only derivative, no action could have been sustained against the defendants.

The decisions generally are to the effect that in an action *ex delicto,* where the doctrine of *respondeat superior* is, or may be, invoked, the injured party may sue the servant alone or the master alone, or may bring a single action against both. And when the action is brought against the servant alone, and a judgment is obtained against him, and such judgment is not satisfied, the injured party may bring an action against the master. In such case, however, the recovery against the master may not exceed the amount of the recovery against the servant. *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366, 141 A.L.R. 1164, and cited cases. However, if the servant satisfies the judgment against him, or obtains a verdict in his favor, no action will lie against the master. *Whitehurst v. Elks*, 212 N.C. 97, 192 S.E. 850. See also 50 C.J.S., Judgments, section 757, page 279, where the authorities are assembled.

The ruling of the court below in sustaining the demurrer will be upheld.

Affirmed.