CHARLES W. ANDERSON, Respondent, *against* THE THIRD AVENUE RAILROAD COMPANY, Appellant.

(Decided February 7th, 1881.)

In an action by a father to recover damages alleged to have been sustained by him from injuries to his infant son, arising from the negligence of the defendant, a former judgment in favor of the son, in an action by him, suing by his guardian *ad litem*, against the same defendant for damages for the same injuries, may properly be alleged in the complaint and given in evidence, to establish that such injuries were caused solely by the defendant's negligence; and will be sufficient proof of that fact, if the record shows that it was so determined in that action.

APPEAL from an order of this court denying a motion to strike out a portion of the complaint.

The action was brought to recover damages, for injuries to an infant son of the plaintiff, alleged to have been caused by the defendants, their agents and servants. The complaint, after setting forth the facts and circumstances of the alleged injuries, further alleged that, prior to this action, " this plaintiff's said son, by his guardian *ad litem*, duly appointed, brought an action against the above-named defendants in this court, for damages sustained by him by reason of the injuries inflicted upon him by the said defendants, their agents and their servants, at the time and in the manner hereinbefore set forth; and that the said defendants appeared in the said action and answered on the merits; that such proceedings were had in the said action against the said defendants that judgment was duly recovered and given upon the merits against the said defendants in favor

of the plaintiff's said son, for the sum of," &c.   A motion by the defendant to strike out these allegations of the complaint was denied; and from the order denying the motion the defendant appealed.

*Henry Morrison*, for appellant.

*Christopher Fine*, for respondent.

CHARLES P. DALY, Chief Justice.—It is through the paternal relation, that the plaintiff has a right of action against the defendants, for injuries to his son, arising from their negligence; because he is entitled to the services of his son, during his minority, and an injury to the son which deprives the father of the benefit of the son's services, is a loss and injury to him.   If, in an action brought against the defendants for the son, by his guardian, it has been judicially determined, that the accident which caused the injury, was not owing to any negligence on the part of the son, but was due solely to the negligence of the defendants, there is no reason why that question should be tried over again in the action brought for the loss of the son's services, as it would involve an inquiry which has been already made and settled, between the party to whom the accident happened and the defendants.   In this action, the plaintiff is limited to the recovery only of such damages as he may have sustained by the loss of his son's services; and I can see no reason why, to establish his cause of action, he should be required to prove that the accident, which deprived him of his son's services, was caused by the defendant's negligence, when that fact has been judicially determined against the defendants in the action brought for the benefit of the son.   In my opinion, the plaintiff is entitled to give the judgment in evidence, to establish that the accident which deprived him of his son's services, was solely from the defendants' negligence; and if the record shows that it was so determined in that action, that is sufficient proof of the fact in this.

The order, therefore, denying the application to strike out

Taylor *v.* Charter Oak Life Ins. Co.

of the complaint the averment of the recovery of the judgment, should be affirmed.

J. F. Daly and Beach, JJ., concurred.

Order affirmed, with costs.