ALBERT S. BROWN, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 2, 1902.**

1. **Res Adjudicata: MATTER LITIGATED: PARTIES.** The conclusiveness of a judgment is not confined to the entire matter litigated, but includes the facts which were in issue and necessarily decided, that is, the identity of the thing demanded and of the cause of demand; but there need not be precisely the same parties in the two actions.

2. ———: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: HUSBAND AND WIFE: EVIDENCE. A husband and wife brought suit to recover damages due the wife for alleged negligence of the defendant, who pleaded a denial with contributory negligence. They recovered. The husband then instituted a suit to recover his damages alleging the same negligence. The defendant pleaded the same defense. The plaintiff replied setting up the former judgment as to the negligence and contributory negligence. *Held,* that the record in the former suit was properly admitted in evidence and constituted a bar as to the negligence and contributory negligence, and the defendant could not be permitted to disprove it.

3. ——: ——: ——: FORMER RECOVERY: PLEADING. It is suggested that plaintiff might better have brought his action on the judgment in the former case rather than have set the same up in his reply, but the defendant is not prejudiced by the latter action.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

AFFIRMED.

*M. L. Clardy* and *Wm. S. Shirk,* for appellant.

(1) It was error for the court below to permit plaintiff to introduce in evidence the pleadings and judgment in the case of Olivia A. Brown v. The Mo. Pac. Ry. Co., in support of plaintiff's plea of former adjudication, contained in his reply. (2) Albert S. Brown, sole plaintiff in the present case, was not only not a necessary party to the former suit of Olivia A. Brown, but he was not a real or even a proper party to that suit. He had no interest in the suit, nor in the judgment after its rendition. This will not, we understand, be denied by the respondent, but see: Sec. 546, R. S. 1899; Sec. 4349, R. S. 1899; Brown v. Railroad, 23 Mo. App. 209. (3) In the eye of the law, he was not a party to his wife's case at all. A party to a case is a person who has a right to prosecute or defend it, to control it, to adduce and examine witnesses, and to appeal from the decision or judgment in the case. Albert S. Brown did not have a single one of these rights. If the judgment had been against his wife, he could not have appealed from it, without her consent, nor without her joining in the appeal. Henry v. Wood, 77 Mo. 277; Strong v. Insurance Co., 62 Mo. 289; Tyler v. Tyler, 78 Mo. App. 240; 1 Herne on Estop., sec. 135. Nor could he settle the wife's case without her consent. Smith v. Warden, 86 Mo. 382; Martin v. Robson, 65 Ill. 129. (4) Suppose the judgment in the former suit of the wife had been for the defendant; would it estop the husband from prosecuting this case? When a mar-

ried woman is injured, without her fault, by the negligence of another, two causes of action arise against the party by whose negligence she is injured; the first, under our statute, in favor of the wife in her own right, to compensate her for her injuries and her mental and physical pain and suffering. Thompson v. Railroad, 135 Mo. 217; Smith v. City, 55 Mo. 456. The second, is an action in favor of the husband, to compensate him for the loss of the services of his wife, domestic or otherwise, and the loss of her society, and for the expenses of her sickness arising from her injuries. These are two separate and distinct causes of action. Thompson v. Railroad, 135 Mo. 217. These two actions could not be joined. Fuller v. Nangatank, 21 Conn. 557; Lewis v. Babcock, 18 Johns (N. Y.) 443. How then can the judgment in the case of the wife be held to be *res judicata,* in another separate and distinct action by the husband? In such case the plea *"res inter alios acta"* would obtain. (5) Even if it were true that Albert S. Brown was a party plaintiff to his wife's case, yet it must be conceded that he was only a party to the case, in the character of her husband, to enable her to prosecute her case. But in his own case, he is a party in an entirely different character—a party in his own right. The essential conditions under which the plea of *res judicata* becomes applicable, one identity of the thing demanded, identity of the cause of demand and of the parties in the character in which they are litigants. 1 Harman on Estop. and Res Jud., secs. 94, 102; Seggott v. Railroad, Law Rep., 1 Q. B. Div. p. 599, cited and approved in Wells on Res. Jud., p. 18, 19; Railway v. Jones, 40 Pac. 891; State ex rel. v. Branch, 134 Mo. 592. (6) The plaintiff saw fit to allege in his petition various negligent acts of defendant, which caused her injuries. Upon these allegations of negligence, issue was joined. And issue was also joined upon defendant's plea of contributory negligence. Not even a hint is contained in the petition, of any former adjudication of these matters. Having thus made the issues in the case, he can not abandon them by new matter set up

in the replication. (7) Another good reason why the ruling of the lower court should not be allowed to stand, is this: since the trial of Mrs. Brown's case, defendant, as is shown by its offers of evidence, had discovered a mass of evidence not introduced in her case, showing Mrs. Brown to have been guilty of gross contributory negligence. The plea of contributory negligence on the wife's part is a good defense to the action of the husband.

*Barnett & Barnett* for respondent.

(1) The former judgment in the case of Olivia A. and Albert S. Brown, is conclusive as to the liability of the defendant. Exactly the same question was litigated in the former case as is involved in the present one. That question has been determined. The right of Albert S. Brown for loss of services, etc., is wholly derivative, and results from his relationship to Mrs. Brown. The court, therefore, did not err in permitting the introduction of the record of the former proceeding, and in excluding other evidence as to the liability of defendant, as this question was *res judicata.* Lindsay v. Danville, 46 Vt. 144; Anderson v. Railroad, 9 Daly. (N. Y.) 487; State ex rel. v. Branch, 134 Mo. 592; Young v. Byrd, 124 Mo. 590; Nave v. Adams, 107 Mo. 420; Stallcup v. Tacoma, 52 Am. St. Rep. 25; Harman v. Auditor, 123 Ill. 122; Gallaher v. Moundville, 34 W. Va. 730. (2) Under the authorities cited under the first point, it will be seen that it was immaterial whether Albert S. Brown was a necessary party, or even a proper party in the former suit; but appellant's counsel is in error when he asserts that the husband was not a proper party to that suit. Under our statutes he was a proper party. A married woman in this State may, in her own name, with or without her husband joining, sue in any of the courts having competent jurisdiction. Secs. 546 and 4335, R. S. 1899. (3) It is immaterial whether the parties plaintiff are identically the same in this cause as in the former one. It is the same de-

fendant. State ex rel. v. Branch, 134 Mo. 604, and authorities there cited. (4) There is no merit in the plaintiff's contention that under the pleadings we are not entitled to introduce the former records. We do, in our reply, plead the former adjudication, and it will not do to say that pleading this for the first time in the reply, is an abandonment of the cause of action stated in the petition.

SMITH, P. J.—The case which the defendant's appeal has brought before us is this: the plaintiff and wife in a joint action had recovered a final judgment against the defendant for personal injuries to the wife. The petition in that action in substance alleged: 1. That, plaintiff's wife, with her horse and buggy, was driving toward home in the city of Sedalia, along a public traveled street, running near to and parallel with defendant's railroad track. 2. That as she drove along said street, there was standing on said railroad track, a locomotive engine, which was not in motion, nor throwing off steam, but was apparently still and lifeless. 3. That when she got opposite said engine and only a few feet therefrom, the employees of the defendant, in charge of said engine, suddenly threw open the mud valves or cylinder cock in said engine, thereby throwing mud, steam and hot water upon her horse and making a loud and unusual noise, causing her horse to run away, throwing her out of her buggy and greatly injuring her. 4. That defendant's employees either saw Mrs. Brown at the time or could have seen her by ordinary care. The answer was a general denial and the plea of contributory negligence.

This suit is brought to recover damages that accrued to the plaintiff, the husband, by reason of the same occurrence. The allegation of the constitutive facts is the same in the one case as in the other. The answer in the present, as in the former case, was a general denial, coupled with a plea of contributory negligence. The reply pleaded that defendant was estopped by the judgment in the other case to deny liability in this.

At the trial the plaintiff was permitted, over the objections of defendant, to give in evidence, the pleadings and judgment in the action by the husband and wife against defendant, and this action of the court is assigned by the defendant as a ground of error for the reversal of the plaintiff's judgment. Under the provisions of our statute, section 546, 4335, Revised Statutes, 1899, the plaintiff, the husband, was properly joined with the wife as a party in their action against the defendant to recover the damages to which she was herself entitled to on account of the injuries occasioned by the negligence complained of. The damages claimed in both cases resulted from an injury to the wife. The decisive issues in both cases were whether or not the defendant was negligent and whether or not the wife, the injured party, was guilty of contributory negligence. These issues were found, as appears from the record in the joint action, in favor of the plaintiffs. The question therefore raised is, whether or not the record of the judgment as to the issues of negligence and contributory negligence in the joint action, is conclusive as to those issues in this.

It is the well-settled law that the conclusiveness of a judgment as between the parties to it is not confined to the entire matter litigated, but includes the finding of any facts which were in issue and were necessarily decided. Cromwell v. County, 94 U. S. 351; Freeman on Judgments, sec. 249. The application of this rule is illustrated by the case of Edgell v. Sigerson, 26 Mo. 583. There a suit had been brought to recover an installment on a promissory note, and the defendant pleaded in avoidance an alteration of the note. This issue was found against him. In a subsequent suit on the note itself it was held that the issue as to the alteration was *res adjudicata*. And in Young v. Byrd, 124 Mo. 590, it was held that when the effect of a judgment is to decide a particular issue of fact, that that issue must be held *res adjudicata* as to the parties then before the court.

And in State v. Branch, 134 Mo. loc. cit. 604, it was

said: "Nor is it regarded as being essential to the conclusiveness of a former recovery that the parties are *identically* the same as those to a suit in which an attempt is made to litigate the same issue. Only parties to the former judgment and those in privity with them are concluded, but they may be bound thereby in a subsequent proceeding to which they are parties, and which involves the identical issue, *though the adversary parties are not the same.*" And in Nave v. Adams, 107 Mo. loc. cit. 420, it was said that it is not necessary to the effectiveness of a former judgment, as a conclusive adjudication of a given controversy, that the parties to both are identically the same. Under the plea of *res adjudicata* two elements are necessary, namely: identity of the thing demanded, and identity of the cause of demand or cause of suit. Gallaher v. City, 34 West Va. 730. But it is not necessary that precisely the same parties were plaintiffs and defendants in the two suits, provided, the same subject in controversy between two or more of the parties, plaintiffs and defendants to the suit, respectively, has been in the former suit directly in issue and decided. Western Mt. M. Co. v. Virginia Co., 10 West Va. 250.

In Anderson v. Railway, 9 Daly 488, it was said: "It is through the paternal relation that the plaintiff has a right of action against the defendants for injuries to his son, arising from their negligence; because he is entitled to the services of his son during his minority, and an injury to the son which deprives the father of the benefit of the son's services is a loss and injury to him. If, in an action brought against the defendants for the son by his guardian, it has been judicially determined that the accident which caused the injury, was not owing to any negligence on the part of the son, but was due solely to the negligence of the defendants; there is no reason why the question should be tried over again in another action brought for the loss of the son's services as it would involve an inquiry which has been already made and settled *between the party to whom the accident happened and the defendants.* In this

action the plaintiff is limited to the recovery only of such damages as he may have sustained by loss of his son's services, and I can see no reason why, to establish his cause of action, he should be required to prove the accident, which deprived him of his son's services, was caused by the defendant's negligence, when that fact has been judicially determined against the defendants in an action brought for the benefit of the son, . . . the plaintiff is entitled to give the judgment in evidence to establish the accident, which deprived him of his son's services, was solely from the defendants' negligence, and if the record shows it was so determined in that action, that is sufficient proof of the fact in this.''

In Lindsay v. Danville, 46 Vermont 144, it was held by Judge REDFIELD that ''the husband and wife, having recovered final judgment in a joint action against the defendant for personal injuries to the wife occasioned by the negligence of the defendant, the latter is estopped in an action by the husband to recover damages for the loss of the wife's service, etc., to deny the facts put in issue and found against it in the former action.'' The defendant has criticised this case with considerable severity, but in view of the well-established principles of *res adjudicata* to which we have referred, we are not persuaded that this criticism is just. We have not been able to find any other case in which it has been disapproved. And in line with the foregoing cases may be cited, Harmon v. Auditor, 123 Ill. 122.

According to the principles to which we have alluded, the judgment in the joint action by the husband and wife against defendant, must be held to be conclusive in this action on every issue determined in that. It sufficiently appears from the record in that case, admitted in evidence, that the issues of negligence and contributory negligence were determined in favor of the plaintiffs. The injury to the wife, for which damages were claimed, was the same in both cases. The issues upon which the right to recover depended were exactly the same in both cases. The plaintiff was a

party in that case, as well as this. The defendant was the same in both. Every question of fact that could arise in the present case was determined in that, except as to the kind and quantum of damages to which plaintiff was entitled, and the evidence given was ample to support the verdict for such damages. It follows that with the action of the trial court in permitting the plaintiff to introduce in evidence the record of the pleadings and judgment in the case of the plaintiff and his wife against defendant, and in refusing to permit the defendant to introduce any evidence tending to disprove the negligence alleged in the plaintiff's petition and to prove that of plaintiff as alleged in its answer, we can find no fault.

Perhaps it would have been better pleading had the plaintiff, in his petition, declared or counted on the judgment instead of duplicating therein the allegations of negligence contained in that on which the judgment was given, and pleading such judgment for the first time by way of estoppel to the denial of liability contained in defendant's answer, but, however this may be, we can not see this manner of pleading the judgment was in any way prejudicial to the defendant on the merits.

The judgment will be affirmed. All concur.