BERG v. THIRD AVE. R. R.

(City Court of New York, Trial Term. April 20, 1903.)

1. HUSBAND—INJURIES TO WIFE—NEGLIGENCE—JUDGMENT—RES JUDICATA.

The judgment in an action by a married woman in which she recovered damages for personal injuries is not conclusive in favor of the husband on the subject of the defendant's negligence in an action by him to recover for the loss of his wife's services, occasioned by the same injury.

Action by one Berg against the Third Avenue Railroad Company. On motion to set aside verdict and for a new trial. Motion granted.

Mr. Patterson, for the motion.
Mr. Jaffer, opposed.

O'DWYER, J. The plaintiff brought this action to recover damages resulting from the loss of his wife's services, occasioned by an injury sustained by her by reason of the defendant's negligence. Upon the trial a judgment roll in an action brought by the wife against defendant, in which she recovered damages for the same injury, was, upon authority of Anderson v. Third Ave. RR., 9 Daly, 487, and against the defendant's objection and exception, received in evidence as conclusively establishing that the wife had been injured through the defendant's negligence. A former adjudication is binding upon parties and their privies, and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court. Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765. The husband is not privy to the wife in blood, representation, estate, or law. He did not derive his title to the present cause of action through his wife. She could not have released it. Had the wife failed to recover upon her cause of action, that would not have barred him. The fact that the same evidence upon the question of defendant's negligence and the wife's contributory negligence may be

89 N.Y.S.—28

necessary in this case as was given in the action of the wife does not make the former judgment conclusive in this action. Neeson v. City of Troy, 29 Hun, 173. The former judgment was neither an estoppel in favor of the husband nor was it conclusive on the subject of the defendant's negligence. Groth v. Washburn, 39 Hun, 324. In Malsky v. Schumacher (Com. Pl. N. Y.) 27 N. Y. Supp. 332, the above cases were followed and Anderson v. Third Ave. RR., 9 Daly, 487, substantially overruled. Cahnmann v. Metropolitan St. Ry. (Sup.) 75 N. Y. Supp. 970, relied upon by the plaintiff, is not in point. There the judgment relied upon was recovered in action between the same parties; Judge Freedman saying:

"I am of opinion that the questions relating to defendant's negligence and to plaintiff's contributory negligence in the matter of the collision were by that trial for all time determined between those who were parties to that action and are also parties to the present action. Both the plaintiff and the defendant were such parties, and hence the fact that there was an additional party plaintiff is not material here."

Motion to set aside verdict and for a new trial granted, with $10 costs. Settle order on one day's notice.