ANDRÉU, PLAINTIFF AND APPELLEE, v. PORTO RICO RAILWAY, LIGHT & POWER CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2910.—Decided July 29, 1924.

JUDGMENT—NEGLIGENCE—RES INTER ALIOS ACTA.—Where as a result of the same accident judgments are recovered by *A* and *B* against the same defendant, these judgments may not be offered in evidence in an independent suit by *C* against the same defendant, although the claim of *C* arises out of the same accident. The said judgments are *res inter alios acta* as against *C*.

ESTOPPEL.—Estoppels must be mutual and unless an estoppel could have been
    set up against C by reason of the failure of A and B, the success of A and
    B can not estop the defendant in a suit by C.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz Nazario* for the appellant.

*Mr. A. Aponte, Jr.,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Martín Andréu charged that by the negligence of the defendant the house of María García, widow of Carrión, was burned and the said fire was communicated to the house of complainant.

Issue was joined and at the trial to prove the said negligence the judgment and records in two other cases were offered in evidence, namely, a judgment obtained by the said María García against the defendant and a judgment obtained by Sergio Brignoni against the same defendant. The defendant objected to the presentation of these records in evidence substantially on the ground that judgments against the defendant obtained by other parties were not binding on it in a suit brought by the present complainant. The court admitted the records and judgments and considered them as an estoppel against the defendant. This was error and is so assigned in this court.

Sections 59 and 61 of the Law of Evidence provide as follows:

"Sec. 59.—The effect of a judgment or final order in an action or special proceeding before a court or judge of Porto Rico, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:

"1.—In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment or order is conclusive upon the title to the thing, the will, or administration, or the condition or relation of the person;

"2.—In other cases the judgment or order is, in respect to the

matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.

"'Sec. 61.—The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, though other parties were joined with both or either.''

Any judgment against one not a party or a privy is *res inter alios acta* and irrelevant. *Wood* v. *Davis,* 7 Cranch (U.S.), 271; *Kapioloni Estate* v. *Atcherley,* 238 U.S. 138; *Womach* v. *St. Joseph,* 10 L.R.A. (N.S.), 140; 28 Cyc. 1237 *et seq.; Lady Wenman* v. *Mackenzie,* 5 Bl. & Bl. 454, 119 Reprint, 550.

If the judgments in the offered cases had been for the defendant it would not have occurred to the complainant, and very properly, that he was estopped by the failure of complainants in the other cases to win their suits. It is well settled, however, that an estoppel must be mutual. *Goshon* v. *Thomas,* 20 Md. 234, cited with approval in *Chesapeake, etc.,* v. *Western Assurance Co.,* 99 Md. 433, 58 Atl. 16; *Alexander* v. *Walter,* 8 Gill, 247, 50 A.D. 688; *Nowock* v. *Knight,* 44 Minn. 242, 46 N.W. 349; 21 C.J. 1067; 23 Cyc. 1238; *Lady Wenman* v. *Mackenzie, supra.*

Cases brought by a taxpayer, apparently to the contrary, may be reconciled on the theory that the taxpayer represents the public and that the latter is the real party in interest. Likewise, cases may be distinguished where there has been some legal nexus between the parties in the several suits.

*Brown* v. *Missouri Pac. Co.,* 96 Mo. App. 164, was a case where husband and wife jointly sued for damages due the wife and recovered. Subsequently the husband brought suit for loss of services and the court held the former judgment an estoppel in his favor. It was contended that the husband was not a necessary or even a proper party in the

original suit. The court cites cases which tend to show an actual presence or representation of a party in the original suit as being within the rule of binding parties or privies. Except so far as the case turns on the actual presence of the husband as a party, there is nothing to convince us that he or his opponent would be otherwise estopped.

We are also of the opinion that the court erred in admitting the value of the rentals of the house destroyed, although complainant alleged nothing in this regard.

The judgment must be reversed and the case sent back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto dissented.

DISSENTING OPINION OF MR. JUSTICE FRANCO SOTO.

This is an action for damages for the destruction of a house by a fire that spread from an adjacent house in which it originated from some wires which transmitted the electrical current supplied by the defendant corporation for lighting, the plaintiff alleging that the said fire was due to the negligence and carelessness of the defendant.

The complaint was answered by a general denial of the allegations and after trial the court below rendered judgment for the plaintiff for $400 and the costs.

For the purpose of proving that the fire spread from an adjacent house and was due to the negligence and carelessness of the defendant, the plaintiff offered in evidence the judgments in two cases prosecuted in the lower court by María García and Sergio Brignoni, respectively, against the same defendant. This evidence was admitted over the objection of the defendant and exception was taken. Here arises the only material question to be considered, inasmuch as this was the evidence on which the court below based its judgment.

The appellant maintains that the court below erred in admitting in evidence the original judgments in the said cases, because in order that they could be admitted it was necessary that there should be identity of parties in those cases with those in the present case and also identity of issues. The appellant also cites subdivision 2 of section 59 and section 61 of the Law of Evidence. These sections read as follows:

"Sec. 59.—The effect of a judgment or final order in an action or special proceeding before a court or judge of Porto Rico, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:

"1.—In case of a judgment or order against a specific thing or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment or order is conclusive upon the title to the thing, the will, or administration or the condition or relation of the person;

"2.—In other cases the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.

"Sec. 61.—The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, though other parties were joined with both or either."

From this aspect in which the appellant presents the question it really seems at first sight that as the plaintiff was not a party to the said two cases, there is no identity of persons between the parties to the said cases and those to the present case, the contention of the appellant being, therefore, that the said judgments can have no legal effect in this case or operate as an estoppel to the defense of the defendant.

The appellant establishes a general rule, but there are exceptions to it. The identity of persons is required by the legal principle of *res inter alios acta,* but although as a

general rule *res judicata* produces legal effect only among the litigants and their successors in interest, as prescribed by the sections of the Law of Evidence, *supra*, yet *res judicata* has also its legal consequences as to strangers when the rights invoked have the same bases as those asserted in the other suit, because the objects of the actions are identical and the situations of the persons with regard to their respective claims are also identical.

Black on Judgments draws the distinction referred to and says:

"A judgment is always admissible and conclusive evidence, even against strangers, of the fact of its own rendition and of its necessary legal consequences. In other words, 'the record of a verdict and judgment is always admissible to prove the fact that such judgment was rendered, or such verdict returned, in any case where the fact of such verdict or judgment, or the nature or amount of such judgment, becomes material.' This important principle is more fully explained in an opinion of the supreme court of Vermont, from which we quote as follows: 'A verdict or judgment is offered either to establish the mere fact of its own rendition, and those legal consequences which result from the fact, or is offered with a view to a collateral purpose,—that is, to prove not only the fact that such a verdict has been rendered, or such judgment pronounced, and so let in all the necessary and legal consequences, but as a medium of proving some fact as found by the verdict, or upon whose supposed existence the judgment is based. For the first of these purposes, that is, for establishing the fact that such a verdict has been given, or such a judgment pronounced, and the consequences of such a judgment, the judgment itself is invariably not only admissible as the proper legal evidence, but usually conclusive to prove that fact. The mere fact that such a judgment was given can never be considered as *res inter alios acta,* neither can the legal consequences of a judgment be so considered. But with reference to any fact upon whose supposed existence the judgment is founded, the proceeding may or may not be *res inter alios,* and consequently may or may not be evidence according to circumstances, considering the nature of the facts themselves and the parties.' " II Black on Judgments, 914, 915.

"Two sorts of estoppel arise from the record of a judgment; first, from the record considered as a memorial or entry of the judg-

ment, and second, from the record considered as a judgment. As a memorial of the fact of the rendition of the judgment the record imports absolute verity and may be impeached by no one, whether or not a party to the proceeding in which it was made. As a judgment, on the other hand, the record has the further effect of precluding a reexamination into the truth of the matters decided; but in this aspect it is as a rule binding only upon the parties to the proceeding and their privies. This further and secondary effect of the record considered as a judgment is otherwise known as estoppel by judgment, the matters adjudicated being termed res judicata." 21 C. J. 1064. 16 Cyc. 685.

In the case of *Stallcup* v. *Tacoma,* 52 Am. St. Rep. 25, the action was brought by a taxpayer against the city of Tacoma to enjoin the payment of interest on certain bonds issued by the city. The complaint was demurred to and the lower court sustained the demurrer. The plaintiff elected to stand on his pleading and the court rendered judgment dismissing the complaint. From this judgment an appeal was taken and one of the theories of the appellant was to attack the validity of the bonds, whose validity had been upheld by final judgments in two previous actions brought by other taxpayers. The language of the Supreme Court of Washington in the course of its opinion is as follows:

"But, as already noticed, the Seymour cases were brought by a taxpayer in behalf of himself and all others similarly situated, the city was the principal defendant there, as it is the sole defendant here, and there is identity in the subject matter of the litigation. In the first of said cases, it was urged that the ordinance passed by the city authorities for submitting the propositions to purchase the plant and to issue the bonds, which ordinance was set out in the complaint in that action was void, and an injunction was asked restraining the officers of the city from calling an election to submit said propositions to the legal voters of the city, because of the alleged invalidity of the ordinance. This court, on appeal, held the ordinance valid and effectual.

"In the second case, brought after the result of the election on the propositions so submitted to the electors had been declared, but prior to issuing the bonds, an injunction was sought for the purpose of restraining the city and its officers from issuing the bonds be-

cause of the illegality of the election and the invalidity of the bonds. The recitals expressed upon the face of the bonds were set out in the complaint, which complaint also contained the allegation that 'the debt to be incurred by the issuance of said bonds . . . . will be more than five per centum (the limit of indebtedness as fixed by the constitution) of the taxable property in said city, as ascertained by the last assessment made for city purposes.' This court upon appeal, held that the proceedings attending the election were regular, and that the bonds (excepting only as to seventy thousand dollars, which the court authorized to be deducted from the total amount to be issued) did not exceed the limit of indebtedness imposed by the constitution. Necessarily, the question of the validity of the bonds involved in this controversy was decided in that case.''

From the judgments in the cases referred to it may be seen that it was established therein that the fire which destroyed the house of María García ''originated as a result of the negligence of the defendant company.'' The record also discloses that the defendant, as a public service corporation, is engaged in the business of supplying electric light and power; that it made an electrical installation for lighting the house of the said María García and the said installation was not made in a proper or safe manner, resulting in the fire and the destruction of the house.

The facts so found in the said judgments are conclusive and final in so far as they establish that the origin of the fire was due to the negligence and carelessness of the defendant. This is the legal truth and, therefore, it was not necessary to make a new inquiry into the question already decided in that sense, inasmuch as the suits have the same object and the situation of the parties with regard to the subject-matter is identical. In this respect the conclusion of the court below is as follows:

''We are of the opinion that by the said judgments, which are final because no appeal was taken from them, the defendant is estopped from denying that the fire which destroyed the house of María García de Carrión and spread to and damaged the plaintiff's house was due to its carelessness and negligence and originated from its electric wires, inasmuch as the defendant was a party to the said

suits and the accident is *res judicata* and conclusive upon the defendant.''

The appellant, however, insists that the burden was on the plaintiff to prove that the fire which destroyed his house was caused by an electric current communicated by the wires of the defendant corporation and that the corporation was guilty of negligence; and in support of the contention that the judgment in the first case is not admissible in this case to prove the fault or negligence of the defendant company, cites the cases of *Bridger* v. *Ashville & S. R. Co.*, 3 S. E. 860; *Karr* v. *Parks*, 44 Cal. 46; *Womach* v. *St. Joseph*, 201 Mo. (Cir. Ct.) 467, and 10 L.R.A. (N.S.) 140.

The appellant cites the first case as illustrating the existence and force of the doctrine which makes the judgment inadmissible in evidence in this case.

In the said case, says the appellant, it was held that in an action by the father to recover damages sustained in an accident and for injuries received by his minor son the judgment in favor of the minor in an action for damages resulting from the same accident and from the negligence of the defendant is not admissible, it being *res inter alios acta*.

The appellant makes it appear that the father and the son were injured in the same accident, but such were not the facts of the case. The son was injured and the father sued the company as guardian *ad litem* of the son and recovered judgment in his favor, and afterwards the father sued in his own name for the loss of services as a result of the injuries suffered by his son owing to the negligence of the defendant. The ground of relief was different in the two actions and it is clear that the judgment in the first case came within the general rule of *res inter alios acta* and was not applicable to the second case.

In the case of *Karr* v. *Parks, supra*, the legal situation is identical with the first case.

The others are cases where the wife had suffered accidents and the husband sued for damages for himself for

the expenses of medical attendance and for the loss of serv-
ices represented by the company of his wife. In her own
right the wife had sued the city of St. Joseph for injuries
received in a fall on a sidewalk of the city, imputing the
accident to the negligence of the defendant. The judgment
was adverse to the plaintiff and was affirmed on appeal.
Thereafter the husband brought the action in his own name
and the defendant, the city of St. Joseph, offered as *res
judicata* the judgment in its favor in the first case. It is
true that the Supreme Court of Missouri, in a lengthy and
well prepared opinion where the question was discussed for
the first time in that jurisdiction, as is the case in this court
now, reversed the decision of the lower court and held that
error was committed in admitting the judgment in the ac-
tion brought by the wife. But without accepting or reject-
ing the reasoning stated in that case, we believe that the
rules therein laid down support our viewpoint in the present
case. That court, in one of the most pungent paragraphs
of its opinion and referring to the plaintiff, expressed itself
as follows:

"Take other tests—that is, look to the natural justice of the
thing—to those natural equities having their seat in the human
breast—and see if he was not a stranger? Did he have an opportu-
nity of recovering his damages in her suit? No. Could he appeal
in that case? No. Did he have his day in court in that case? No.
Was he entitled to be heard in that cause, or could he control the
proceedings? No. Could he adduce testimony? No. Could he
cross-examine witnesses produced by defendant? No. * * * How
comes it that Womach loses his own right of action, his own dam-
ages, by a judgment in another cause in which he could not lift a
finger to protect that right, or secure those damages? It seems to
me that the proposition that Womach is bound by the judgment
against his wife is more than a paradox—it rises to the bad emi-
nence of a solecism in the law." 201 Mo. 481.

If we apply the same reasoning to this case we will find
that the defendant company could have appealed in the first
suit; that it had its day in court or had the right to be

heard in that suit; that it could, therefore, control the pro-
ceedings, and that it could have cross-examined the . wit-
nesses in the first case in which it was charged with negli-
gence or with the fault of the injury.   On the other hand,
it appears that the matter in dispute in the two suits in
Missouri were distinct and the situation of the two litigants
with regard to the issue was different.   To this effect it
was said in the opinion:

"It is manifest there was no such 'identity of the thing de-
manded;' there was no such 'identity of the cause of demand.' "
201 Mo. 482.

But it is also added that there is no identity in the char-
acter in which the parties are litigants.

That is the point that we should consider in this case.
In fact there is no identity of parties and the plaintiff is not
a successor in interest of either party to the first suit.   We
have said that the identity of parties is required by the
rule of *res inter alios acta* and that the idea of successors
in interest implies a property rather than a personal rela-
tion, but there is an exception to that rule also, provided
there is identity of things and the same causes of demand
set up in the first suit.

The judgment in the case of María García against the
defendant makes evident the identity of the question at is-
sue and the same cause of negligence or fault of the de-
fendant that originated the damage for which the present
suit is brought.   The question of fact that the fire spread
from the house of María García to that of the plaintiff was
proved by evidence independent of the judgment, and this
was what caused the damages to the plaintiff's property.

The judgment in the first suit, which is final because the
defendant took no appeal from it, contains a statement of
facts which showed the negligence or fault of the defend-
ant, and as a memorial of the fact which is the object thereof
the record imports absolute verity and may be impeached

by no one, whether or not a party to the proceeding in which such judgment was rendered. 21 C. J. 1064, *supra.*

The last citation made by the appellant, *i. e.,* 10 L.R.A. (N.S.) 140, refers to the case just commented on of *Womach* v. *St. Joseph.*

It is not out of the way to say that in this last case the cases of *Brown* v. *R. R.,* 96 Mo. App. 164, and *Morris* v. *Kansas City,* 117 Mo. App. 298, wherein opposite principles and reasonings are stated, are discussed, and mention is also made of the cases of *Anderson* v. *Railroad,* 9 Daly, 487; *Pettengill* v. *City of Yonkers,* 1 N. Y. Supp. 805; *Lindsay* v. *Danville,* 46 Vt. 144, as holding a contrary view.

In the case of *Brown* v. *Missouri Pacific Ry. Co., supra,* reference is made to other cases in support of its holding and to that effect it was said in the opinion of the court:

"And in State v. Branch, 134 Mo. loc. cit. 604, it was said: 'Nor is it regarded as being essential to the conclusiveness of a former recovery that the parties are *identically* the same as those to a suit in which an attempt is made to litigate the same issue. Only parties to the former judgment and those in privity with them are concluded, but they may be bound thereby in a subsequent proceeding to which they are parties, and which involves the identical issue, *though the adversary parties are not the same.'* And in Nave v. Adams, 107 Mo. loc. cit. 420, it was said that it is not necessary to the effectiveness of a former judgment, as a conclusive adjudication of a given controversy, that the parties to both are *identically* the same. Under the plea of *res adjudicata* two elements are necessary, namely: identity of the thing demanded, and identity of the cause of demand or cause of suit. Gallaher v. City, 34 West Va. 730. But it is not necessary that precisely the same parties were plaintiffs and defendants in the two suits, provided, the same subject in controversy between two or more of the parties, plaintiffs and defendants to the suit, respectively, has been in the former suit directly in issue and decided. Western Mt. M. Co. v. Virginia Co., 10 West Va. 250." 96 Mo. App. 169–70.

Applying the principles laid down in the several cases cited, the court went on to say:

"According to the principles to which we have alluded, the judgment in the joint action by the husband and wife against defendant, must be held to be conclusive in this action on every issue determined in that. It sufficiently appears from the record in that case, admitted in evidence, that the issues of negligence and contributory negligence were determined in favor of the plaintiffs. The injury to the wife, for which damages were claimed, was the same in both cases. The issues upon which the right to recover depended were exactly the same in both cases." 96 Mo. App. 171.

In the light of the principles and cases cited it will be seen that it was immaterial that the plaintiff in this case was a necessary party or was a party in interest in the said cases of María García and Sergio Brignoni, or that the plaintiffs in this suit and in the previous suits are identically the same. The defendant is the same in both suits and exactly the same question as to the negligence of the defendant is at issue in the previous cases and also in the present case. That question was decided in the first cases and the judgments whereby it was decided are conclusive upon and an estoppel against the defendant in this case.

For the foregoing reasons the judgment should have been affirmed.