ANDREU, DEMANDANTE Y APELADO, *v.* PORTO RICO RAILWAY,
LIGHT & POWER CO., DEMANDADA Y APELANTE.

No. 2910.—*Visto:* Febrero 5, 1924. *Resuelto:* Julio 29, 1924.

SENTENCIAS—NEGLIGENCIA—*Res Inter Alios Acta.*—Cuando como consecuencia del
mismo accidente A y B obtienen sentencia a su favor contra el mismo de-
mandado, estas sentencias no pueden ser ofrecidas como prueba en una ac-
ción independiente establecida por C. contra el mismo demandado aún cuando
la reclamación de C surja del mismo accidente. Dichas sentencias son *res
inter alios acta* en cuanto a C.

*Estoppels*—IMPEDIMENTOS.—Los impedimentos deben ser mutuos y a menos que se
hubiera podido alegar un impedimento contra. C debido al incumplimiento de
A y B la sentencia a favor de A y B no puede constituir impedimento al
demandado en una acción establecida por C.

SENTENCIA de *P. Berga,* J. (Humacao), en una acción de indemniza-
ción de daños y perjuicios, declarando con lugar la demanda con
las costas. *Revocada.*

*J. H. Brown* y *C. Ruiz Nazario,* abogados de la apelante; *A. Aponte,
Jr.* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

Martín Andréu alegó en su demanda que debido a la ne-
gligencia de la demandada la casa de María García, viuda
de Carrión, cogió fuego el cual se propagó a la del deman-
dante.

La controversia quedó trabada y en el juicio, con el fin
de probar dicha negligencia, se ofrecieron como prueba las
sentencias y autos de otros casos, a saber: una sentencia
dictada a favor de María García y contra el demandado, y
otra sentencia a favor de Sergio Brignoni y contra la misma
demandada. La demandada se opuso a la presentación de
estos autos como prueba sustancialmente por el fundamento
de que las sentencias dictadas contra la demandada y a fa-
vor de otras personas no eran obligatorias para ella en un
pleito establecido por el presente demandante. La corte ad-
mitió los autos y sentencias y los consideró como un impedi-
mento (*estoppel*) contra la demandada. Esto fué un error
y así fué alegado en esta corte.

Los arts. 59 y 61 de la Ley de Evidencia prescriben lo siguiente:

"Art. 59.—El efecto de una sentencia o decreto definitivo en una acción, o un procedimiento especial, ante un tribunal o juez de Puerto Rico o de los Estados Unidos, con jurisdicción para pronunciar sentencia o decreto, es como sigue:

"1. En caso de una sentencia o decreto contra una cosa específica, o con respecto a la prueba de un testamento, o la administración de los bienes de un finado, o con referencia a la condición o relación personal, política o legal, de determinada persona, la sentencia o decreto será concluyente, en cuanto al título a la cosa, o el testamento, administración, o condición o relación de la persona.

"2. En los demás casos, el fallo o decreto, en cuanto a la materia directamente juzgada, será concluyente entre las partes y sus sucesores en interés por título adquirido posteriormente al comienzo de la acción, o del procedimiento especial, las cuales estuvieron litigando por la misma cosa, bajo el mismo título, y en el mismo carácter, siempre que tuvieren noticia expresa o tácita de estarse substanciando la acción o procedimiento.

"Art. 61.—Las partes se considerarán ser las mismas, cuando aquellas entre las cuales fuere ofrecida la evidencia, se hallaban en opuestos lados en el litigio anterior, aunque otras partes hubieren estado unidas a ambas o a cualquiera de las dos."

Cualquier sentencia dictada contra una persona que no es parte o causahabiente en el asunto es *res inter alios acta,* e impertinente. *Wood* v. *Davis,* 7 Cranch (U.S.) 271; *Kapioloni Estate* v. *Atcherley,* 238 U.S. 138; *Womach* v. *St. Joseph,* 10 L.R.A. (N.S.) 140, 28 Cyc. 1237, *et seq.; Lady Wenman* v. *Mackenzie,* 5 El. & Bl. 454, 119 Reprint 550.

Si las sentencias en los casos ofrecidos hubieran sido a favor del demandado no se le hubiera ocurrido al demandante, y con mucha razón, que él estaba impedido por el hecho de no haber ganado sus pleitos los demandantes en los otros casos. Está bien establecido, sin embargo, que el impedimento debe ser mutuo. *Goshon* v. *Thomas,* 20 Md. 234, citado con aprobación en *Chesapeake L. & T. Co.* v. *Western Assurance Co.,* 99 Md. 433, 58 Atl. 16, *Alexander* v. *Walter* 8 Gill 239, 50 A.D. 688, *Nowack* v. *Knight,* 44 Minn. 242;

46 N. W. 349; 21 C.J. 1067, 23 Cyc. 1238; *Lady Wenman*
v. *Mackenzie, supra.*

Casos seguidos por un contribuyente aparentemente en
sentido contrario pueden ser armonizados a virtud de la
teoría de que el contribuyente representa al público y que
este último es la verdadera parte interesada. Asimismo
pueden distinguirse los casos en que ha habido algún nexo
legal entre las partes en las diferentes acciones.

*Brown* v. *Missouri Pac. Co.,* 96 Mo. App. 164, fué un
caso en el cual el marido y la mujer demandaron mancomu-
nadamente por daños y perjuicios debidos a la esposa y ob-
tuvieron sentencia a su favor. Subsiguientemente el marido
estableció demanda por pérdida de servicios y la corte de-
claró que la anterior sentencia constituía un impedimento
(*estoppel*) a su favor. Se alegó que el marido no era parte
necesaria ni siquiera adecuada en la acción original. La
corte cita casos que tienden a demostrar la presencia real,
o la representación de una parte en el pleito original como
comprendidos en la regla de partes o causahabientes obli-
gados. Excepto en cuanto a que el caso gira sobre la pre-
sencia real del marido como parte, no existe nada que nos
convenza de que él o su opositor quedarían de algún otro
modo impedidos.

Somos también de opinión de que la corte incurrió en
error al admitir el montante de los cánones de arrenda-
miento de la casa destruída, si bien el demandante nada
alegó en cuanto a esto.

*La sentencia debe ser revocada,* debiendo devolverse el
caso a la corte inferior para ulteriores procedimientos no
incompatibles con esta opinión.

El Juez Asociado Sr. Franco Soto disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. FRANCO SOTO.

En la demanda de este caso se reclaman daños y perjui-
cios por la destrucción de una casa con motivo de un incen-
dio que se propagó de otra casa vecina en la que se originó

el siniestro de unos alambres que transmitían la corriente eléctrica que suministraba la corporación demandada para dar luz, alegándose por el demandante que dicho incendio se debió a negligencia y descuido de la demandada.

Se contestó la demanda haciéndose una negación general de los hechos, y la corte inferior, luego de celebrado el juicio dictó sentencia concediendo al demandante la suma de $400 y costas.

Con el fin de probar que el incendio provino de una casa vecina y que fué debido a la negligencia y descuido de la demandada, el demandante ofreció en evidencia los legajos de sentencias en dos casos seguidos en la corte inferior, respectivamente, por María García y Sergio Brignoni contra la misma demandada. Esta prueba fué admitida con oposición de la demandada, tomándose excepción. De aquí surge la única cuestión esencial para ser examinada, en esta apelación, pues dicha prueba es la que ha servido de base a la corte inferior para fundar su sentencia.

El apelante sostiene que la corte inferior incurrió en error al admitir en evidencia los legajos originales en los casos arriba mencionados, porque para ser admisibles era necesario que existiera identidad de parte entre aquellos casos y el presente, e identidad de cuestiones litigiosas. El apelante cita además en su apoyo el apartado 2 del artículo 59 en relación con el 61 de la Ley de Evidencia, (sec. 1427 Comp. 1911, p. 305). Estos artículos dicen:

"Art. 59.—El efecto de una sentencia o decreto definitivo en una acción, o un procedimiento especial, ante un tribunal o juez de Puerto Rico o de los Estados Unidos, con jurisdicción para pronunciar sentencia o decreto, es como sigue:

"1. En caso de una sentencia o decreto contra una cosa específica, o con respecto a la prueba de un testamento, o la administración de los bienes de un finado, o con referencia a la condición o relación personal, política o legal, de determinada persona, la sentencia o decreto será concluyente, en cuanto al título a la cosa, o el testamento, administración, o condición o relación de la persona.

"2. En los demás casos, el fallo o decreto, en cuanto a la materia

directamente juzgada, será concluyente entre las partes y sus sucesores en interés por título adquirido postériormente al comienzo de la acción, o del procedimiento especial, las cuales estuvieren litigando por la misma cosa, bajo el mismo título, y en el mismo carácter, siempre que tuvieren noticia expresa o tácita de estarse substanciando la acción o procedimiento.

"Art. 61.—Las partes se considerarán ser las mismas, cuando aquellas entre las cuales fuere ofrecida la evidencia, se hallaban en opuestos lados en el litigio anterior, aunque otras partes hubieren estado unidas a ambas o a cualquiera de las dos."

Bajo este aspecto que el apelante presenta la cuestión, parece realmente, a primera vista, que no habiendo sido parte el demandante en los dos casos antes citados, no existe la identidad de personas entre las que intervinieron en aquellos casos y las del presente, y de este modo la contención del apelante es que dichas sentencias no pueden tener consecuencia legal alguna en este caso o producir el efecto de un *estoppel* o impedimento a la defensa de la demandada.

El apelante establece un principio general, pero este principio tiene sus excepciones. La identidad de las personas se exige por el principio jurídico de *res inter alios acta,* pero si bien por regla general la cosa juzgada sólo surte efectos legales entre los que litigan y los que de ellos traen causa, como prescriben los artículos supra, de la Ley de Evidencia, sin embargo, la cosa juzgada también tiene sus consecuencias legales en cuanto a personas extrañas cuando los derechos que invocan tienen los mismos fundamentos que los esestablecidos en el otro pleito por ser idéntico el objeto de las demandas e idéntica la situación de las personas con relación al derecho de sus respectivas reclamaciones.

Black, en su obra "On Judgments" establece la distinción que hemos señalado, y dice:

"Una sentencia siempre es admisible y prueba concluyente aún contra extraños del hecho de haber sido dictada y de sus consecuencias legales necesarias. En otras palabras, 'el registro de un veredicto y sentencia siempre es admisible para probar el hecho de haber sido dictada dicha sentencia, o de haberse rendido tal veredicto,

en cualquier caso donde se hace esencial el hecho de tal veredicto o sentencia, o la naturaleza o cuantía de tal sentencia.' Este importante principio se explica más detalladamente en una opinión de la Corte Suprema de Vermont, de la cual citamos lo siguiente: 'Un veredicto o sentencia se ofrece en evidencia, ya para establecer el mero hecho de haberse pronunciado, y aquellas consecuencias legales que provienen del hecho, o se ofrece con un fin indirecto,—esto es, para probar no sólo el hecho de que tal veredicto ha sido emitido, o dicha sentencia pronunciada, y así admitir todas las consecuencias necesarias y legales, sino como medio de probar algún hecho como ha sido declarado por el veredicto, o en cuya supuesta existencia se funda la sentencia. Para el primero de estos fines, esto es, para establecer el hecho de que tal veredicto ha sido emitido, o dicha sentencia pronunciada, la sentencia misma no sólo es invariablemente admisible como la debida prueba legal, sino que generalmente es concluyente para establecer ese hecho. El mero hecho de que tal sentencia fué dictada nunca puede ser considerado como *res inter alios acta,* ni pueden tampoco ser consideradas así las consecuencias legales de una sentencia. Pero con referencia a cualquier hecho en cuya supuesta existencia se funde la sentencia, el procedimiento puede o nó ser *res inter alios acta,* y por consiguiente puede o nó ser prueba de acuerdo con las circunstancias, considerando la naturaleza de los hechos mismos y las partes.' " Black on Judgments, tomo II, págs. 914, 915.

"Dos clases de impedimentos (estoppel) surgen del registro de una sentencia; primero, del registro considerado como constancia o registro de la sentencia, y segundo del registro considerado como sentencia. Como constancia del hecho de haberse dictado la sentencia del registro implica absoluta veracidad y no puede ser atacado por nadie, sea o no parte en el procedimiento en el cual se hizo. Como sentencia, en cambio, el registro tiene el efecto consiguiente de evitar un nuevo examen sobre la veracidad de las cuestiones resueltas; pero en este sentido es como una regla que sólo es obligatoria para las partes en el procedimiento y sus causahabientes. Este efecto ulterior y secundario del registro considerado como sentencia también se conoce por impedimento por sentencia (estoppel by judgment); considerándose las cuestiones resueltas como cosa juzgada (res judicata)." 21 Corpus Juris, pág. 1064. 16 Cyc. 685.

En el caso de Stallcup v. Tocoma, 52 Am. Rep. 25, la acción fué presentada por un contribuyente contra la ciudad de Tocoma para impedir el pago de intereses sobre ciertos

bonos expedidos por la ciudad.  La demanda fué excepcionada y la corte inferior sostuvo la excepción.  El demandante eligió mantener sus alegaciones y la corte dictó sentencia desestimando la demanda.  Se apeló de la sentencia y uno de los fundamentos del apelante consistió en atacar la validez de los bonos, cuya validez había sido sostenida mediante sentencias definitivas en dos acciones anteriores por contribuyentes distintos.  El lenguaje de la Corte Suprema del Estado de Washington en el curso de su opinión es como sigue:

"Pero como ya se ha observado, los casos de Seymour fueron seguidos por un contribuyente a su nombre y en el de todos los demás que estaban en la misma situación, la ciudad era la demandada principal en ellos, como es la única demandada aquí, y existe identidad en la materia objeto del litigio.  En el primero de dichos casos se alegó que la ordenanza aprobada por las autoridades de la ciudad para someter las cuestiones relativas a la compra de la planta y aceptar los bonos, ordenanza que fué copiada en la demanda en esa acción, era nula, y se solicitó un injunction para restringir a los funcionarios de la ciudad de convocar una elección para someter dichas proposiciones a los votantes capacitados de la ciudad, debido a la alegada invalidez de la ordenanza.  Esta corte, en apelación, sostuvo la validez y eficacia de la ordenanza.

"En el segundo caso, establecido después que el resultado de la elección por virtud de las proposiciones sometidas a los electores había sido declarado pero antes de la expedición de los bonos, se solicitó un injunction con el fin de prohibir a la ciudad y a sus funcionarios expedir los bonos debido a la ilegalidad de la elección e invalidez de los bonos.  Lo que aparecía de la faz de los bonos se refería en la demanda la cual también contenía la alegación de que 'la deuda que había de contraerse por la expedición de tales bonos . . . . . será mayor del 5% (límite de la obligación como ha sido fijada por la constitución) de la propiedad imponible en dicha ciudad, según se determina en la última tasación practicada para fines municipales.'  Esta corte, en apelación, resolvió que los procedimientos atinentes a la elección fueron irregulares, y que los bonos (exceptuando únicamente en cuanto a $70,000 que la corte autorizó fuesen deducidos del importe total que había de librarse) no excedían del límite de la obligación impuesta por la constitución.  Necesaria-

mente la cuestión de la validez de los bonos envuelta en esta controversia fué resuelta en ese caso.''

Del legajo de las sentencias en los casos que han sido referidos se puede ver que en ellos se determina que el incendio que destruyó la casa de María García ''fué originado a virtud de negligencia de la compañía demandada.'' Se desprende asimismo de dichos autos que la demandada, como corporación de servicio público, se dedica al suministro de fuerza y luz eléctrica; que llevó a cabo una instalación eléctrica para dar luz en la casa de dicha María García y que dicha instalación no se hizo en una forma segura y adecuada, dando lugar al incendio y destrucción de dicha casa.

Los hechos así sentados en dichas sentencias son concluyentes y definitivos en cuanto por ellos se deja establecido que el origen del incendio se debió a negligencia y descuido de la demandada. Esto constituye la verdad legal y como tal no se hacía necesaria una nueva investigación de la cuestión ya resuelta en ese sentido, ya que se trata de pleitos que tienen el mismo objeto y en los mismos es idéntica la situación de las partes con relación a lo reclamado. Y a este respecto la conclusión de la corte inferior es como sigue:

''Entendemos que por dichas sentencias, firmes por no haberse establecido contra ellas recurso alguno, la demandada está impedida de negar que el incendio que destruyó la casa de María García, vda. de Carrión y que se trasmitió y causó daños a la casa del demandante, fué debido a su descuido y negligencia y por causa de sus alambres de corriente eléctrica, por haber sido parte en aquellos pleitos y constituir el accidente materia juzgada y concluyente sobre la misma.''

El apelante, no obstante, persiste que incumbía al demandante probar que el incendio que destruyó su casa fué causado por corriente eléctrica comunicada por alambres de la corporación demandada y que la corporación era culpable de negligencia; y para sostener que el récord de la sentencia en el primer caso no es admisible en el presente para dejar probada la culpa o negligencia de la compañía deman-

dada, cita en su apoyo los casos de *Bridger* v. *Ashleigh &
S. R. Co.,* 3 S.E. 860; *Karr* v. *Park,* 44 Cal. 46; *Womach*
v. *St. Joseph,* 201 Mo. (Cir. Ct.), 467, y 10 L.R.A., N.S., 140.

El primer caso lo cita el apelante como ilustrativo de la
fuerza y existencia de la doctrina que hace inadmisible como
evidencia el récord de la sentencia en este pleito.

En dicho caso se declaró, según alega el apelante, que en
una acción del padre para recobrar daños ocasionados por
un accidente y lesiones sufridas por su hijo menor de edad
no es admisible la sentencia a favor de dicho menor obte-
nida en su acción de daños y perjuicios resultando del mismo
accidente y por la negligencia de la misma demandada siendo
*res inter alios acta.*

Tal como se expresa el apelante parecería que el padre y
el hijo fueron lesionados en el mismo accidente, pero éstas
no fueron las circunstancias del caso. El hijo fué lesionado
y el padre demandó a la compañía como guardián *ad litem*
del hijo y obtuvo una sentencia a su favor, y luego el padre
reclama en su propio nombre por la pérdida de servicios
con motivo de los daños sufridos por su hijo debido a la
negligencia de la demandada. La razón de pedir en una y
otra acción era distinta y claro es que el récord de la sen-
tencia del primer caso cae dentro de la regla general *res
inter alios acta* y no tiene aplicación al segundo caso.

En el caso de *Karr* v. *Park,* supra, la situación jurídica
es idéntica al primero.

En los demás casos citados se trata de accidentes sufri-
dos por la esposa y en donde el marido reclama daños para
sí por los gastos de asistencia médica y por la pérdida de
servicios que representaba la compañía de su esposa. Esta
última por su propio derecho había demandado a la ciudad
de St. Joseph por lesiones que recibiera a causa de una caída
en una acera de la ciudad, imputando el accidente a negli-
gencia de la demandada. La sentencia fué adversa a la de-
mandante y confirmada en apelación. Posteriormente el ma-
rido presentó la demanda en su propio nombre, y la deman-

dada, la ciudad de St. Joseph, presentó el fallo a su favor en el primer caso como *res judicata*. Es verdad que la Corte Suprema de Missouri, en una extensa y bien preparada opinión y en donde por primera vez se presentaba la cuestión, así como ocurre a esta Corte, revocó la decisión de la corte inferior y sostuvo que se cometió error al admitir el récord de la sentencia en el caso que había sido establecido por la esposa. Sin admitir ni disentir de los razonamientos expresados en aquel caso, creemos sin embargo que los principios que allí se establecen sirven de apoyo para sostener nuestro punto de vista en el caso que nos ocupa. Aquella corte en uno de los mejores párrafos de su opinión, refiriéndose al demandante, dice:

"Hagamos otras pruebas, esto es, veamos la justicia natural de la cosa—aquella justicia natural que tiene su asiento en el corazón humano—y veamos si no era él un extraño. ¿Tuvo él una oportunidad de resarcirse sus daños en el pleito de ella? No. ¿Podía él apelar en ese caso? No. ¿Fué oído él en corte en ese caso? No. ¿Tenía él derecho a ser oído en esa causa o pudo controlar los procedimientos? No. ¿Podía él aducir prueba? No. ¿Pudo repreguntar a los testigos presentados por el demandado? No. . . . . ¿Cómo es que puede ser que Womach pierda su propio derecho de acción, sus propios daños, por virtud de una sentencia dictada en otro caso en el cual no pudo él levantar un dedo para proteger ese derecho, o asegurar esos daños? Me parece que la proposición de estar obligado Womach por la sentencia dictada contra su esposa es algo más que una paradoja—se levanta a la inconveniente altura de un solecismo en la ley." 201 Mo. Rep. 481.

Si aplicamos el mismo razonamiento a nuestro caso tendríamos: Que la compañía demandada pudo apelar en el primer pleito; que tuvo su día en corte o que tuvo el derecho a ser oída en dicho pleito; y así pudo tener el control del procedimiento y que por último estuvo en condiciones de repreguntar los testigos en el primer caso que le imputaba la negligencia o la culpa del daño. De otro lado resulta que la materia en disputa de los dos pleitos en el caso de Missouri era distinta y diferente la situación de ambos litigan-

tes en cuanto al punto litigioso.  A este respecto, en la opinión se dice:

"Es evidente que no hubo tal 'identidad de la cosa reclamada;' no hubo semejante 'identidad de la causa objeto de la petición.'" 201, Mo. Rep. 482.

Pero. también se añade que no hay identidad en el carácter en que ellos son litigantes.

Este es el punto que debemos considerar en nuestro caso. No existe realmente la identidad de partes ni de ellas trae causa el demandante.  Hemos dicho que la identidad de partes se exige por el principio *res· inter alios acta* y que el concepto de causahabientes implica una relación de propiedad más bien que personal, pero la excepción a aquel principio también existe siempre que haya la identidad de cosas demandadas y las mismas razones de pedir que se alegaron en el primer pleito.

El récord de la sentencia en el caso de Mario García v. la demandada pone de manifiesto la identidad de la cuestión en litigio y la misma causa de negligencia o culpa de la demandada que originó el daño en virtud de la cual se presenta esta reclamación.  La cuestión de hecho de que el fuego se propagó de la casa de Mario García a la del demandante fué probado con evidencia independiente al récord de la sentencia, lo que dió lugar a los daños ocurridos en la propiedad del demandante.

La sentencia en el primer pleito que tiene el carácter de definitiva por no haber sido apelada por la demandada, contiene una relación de los hechos que declaran la negligencia o culpa de la demandada, y como memorial del hecho que es objeto de la misma el récord implica absoluta certeza y no puede ser impugnado por nadie, haya sido o nó parte en el procedimiento en que fué dictada dicha sentencia.  21 C. J. 1064, supra.

El último caso que cita el apelante, 10 L.R.A. (N.S.) 140,

es el mismo que acabamos de comentar de *Womach* v. *St. Joseph.*

No está demás decir que en ese último caso se discuten los casos de *Brown* v. *R. R.,* 96 Mo. App. 164; *Morris* v. *Kansas City,* 117 Mo. App., 298, en donde se establecen principios y razonamientos opuestos, y también se hace mención sosteniendo una teoría contraria los casos de *Anderson* v. *Railroad,* 9 Daly 487; *Pettingill* v. *City of Yonkers,* 1 N. Y. *Supp.* 805; *Lindsay* v. *Danville,* 46 Vt. 144.

En el caso de *Brown* v. *Missouri Pacific Ry. Co., supra* se hace mención de otros casos en apoyo del mismo y a este respecto en la opinión de la corte, se dice:

"Y en el caso de State v. Branch, 134 Mo. loc. cit. 604, se dijo lo siguiente: 'Ni se considera como esencial al carácter de concluyente de la anterior sentencia que las partes son enteramente las mismas que aquéllas en un pleito en el cual se trata de discutir la misma cuestión en controversia. Unicamente las partes en la anterior sentencia y aquellas que tienen algún nexo legal con ellas son las que sus derechos han sido resueltos, pero pueden quedar obligadas por ello en un procedimiento subsiguiente en el cual son partes, y que envuelve una cuestión litigiosa pendiente, aunque las partes contrarias no sean las mismas.' Y en el caso de Nave v. Adams, 107 Mo. loc. cit. 420, se dijo que no es necesario para la efectividad de una sentencia anterior, como resolución concluyente de determinada controversia, que las partes en ambas sean precisamente las mismas. A virtud de la alegación de *res adjudicata* dos elementos son necesarios, a saber: identidad de la cosa reclamada, e identidad de la causa materia de la reclamación o causa del pleito. Gallagher v. City, 34 West Va. 730. Pero no es necesario que precisamente las mismas partes fueran demandantes y demandadas en los dos pleitos con tal que la misma materia objeto de la controversia entre dos o más de las partes, demandantes y demandadas en el pleito, respectivamente haya estado directamente envuelta o sido resuelta en el pleito. Wester Mt. M. Co. v. Virginia Co., 10 West Va. 250." 96 Mo. App. Rep. 169–70.

Aplicando los principios sustentados en los varios casos citados, la opinión de la corte sigue diciendo:

"Según los principios a que nos hemos referido, la sentencia en

la acción mancomunada seguida por el marido y la esposa contra el demandado debe tenerse por concluyente en esta acción sobre todo punto esencial en la discusión que haya sido resuelto en aquélla. Aparece suficientemente de los autos de ese caso, admitidos como prueba, que las cuestiones planteadas sobre la negligencia y la negligencia contributoria fueron resueltas en favor de los demandantes. El perjuicio causado a la esposa por el cual se reclamaron daños fué el mismo en ambos casos. Las cuestiones planteadas sobre las cuales dependía el derecho a recobrar fueron exactamente las mismas en ambos casos.'' 96 Mo. App. Rep. 171.

A la luz de los principios y casos citados se verá que era inmaterial que el demandante en el presente caso fuera una parte necesaria o la misma parte interesada en los pleitos citados de María García y Sergio Brignoni o que los demandantes sean idénticamente los mismos en este pleito y en los anteriores. La demandada es la misma en ambos plcitos y exactamente la misma cuestión en cuanto a la negligencia de la demandada es el *issue* que fué objeto de litigación en los casos anteriores y es el que aparece envuelto en el presente. Dicha cuestión fué resuelta en los primeros casos y el récord de la sentencia en que aparece así decidida, es concluyente y un *estoppel* para la demandada en este caso.

Por las razones expuestas, la sentencia *debía ser confirmada.*